WIEAND, Judge:
The issue in this appeal is whether a roadway in a private residential development is an “insured location” under a homeowner’s insurance policy issued by United States Fidelity and Guaranty Company (USF & G).
Robert Uguccioni and Marilyn Kane Uguccioni, husband and wife, are the owners of a residence in the Cobble Creek Estates, Tannersville, Monroe County. The property is insured under a homeowner’s policy issued by USF & G. On March 7, 1987, Michael A. Pirrung was fatally injured while operating a Honda ATC, an all-terrain vehicle owned by the Uguccionis, along a private roadway within the *513 Cobble Creek development. The administrators of the Estate of Michael A. Pirrung, deceased, have commenced an action against the Uguccionis to recover damages arising from Pirrung’s death. When USF & G refused to defend the action on behalf of its insureds, this action for declaratory judgment was brought to determine the question of coverage. The facts were stipulated by the parties and presented to the trial court for decision. The trial court held that USF & G was required to defend the action brought against its insureds and indemnify them in the event they were found liable for the death of Michael Pirrung.
The policy contains an exclusion from personal liability coverage “arising out of the ownership, maintenance, use, loading or unloading of ... (2) a motor vehicle owned or operated by, or rented or loaned by any insured____” A motor vehicle is defined, inter alia, as a “motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location.” An “insured location” is defined, in pertinent part, as “the residence premises” and “any premises used by you in connection with the [residence premises].”
Cobble Creek Estates is a private residential development, and the streets therein are privately owned. These streets, it would seem, are private property used by the insureds in connection with their insured residence. As such, the street on which Pirrung had his fatal accident was an “insured location.”
USF & G argues, however, that a contrary result is mandated by the decision of the Superior Court in Federal Kemper Ins. Co. v. Derr, 386 Pa.Super. 382, 563 A.2d 118 (1989). We disagree. The decision is not on all-fours with the facts of the instant case. In the Federal Kemper Insurance case, the Superior Court affirmed the trial court’s finding that a ten acre Forest Preserve property, on which the insured had placed a camper, was not the insured’s residence property and had not been purchased within the policy period so as to qualify as an insured *514 location. It followed, therefore, that a private easement leading to the Forest Preserve property was also not an insured location. Consequently, the court’s discussion regarding the insured’s lack of responsibility to maintain a roadway within a private development was dictum. It is of no controlling effect in determining the issue now before this Court. The issue before the Court in the instant case is not whether the insureds were responsible for maintenance of the road on which their guest was killed but whether the road was an “insured location” within the coverage provided by the policy.
The language used in the policy to define an “insured location” clearly is broad enough to include roads in a private development which are available for use in achieving access to the insured residence. Even if the language were to be deemed ambiguous, however, it would have to be construed in favor of the insured and against the insurer. Standard Venetian Blind Co. v. American Empire Insurance Co., 503 Pa. 300, 305, 469 A.2d 563, 566 (1983); Aetna Casualty and Surety Co. v. Drake, 343 Pa.Super. 114, 116, 494 A.2d 381, 382 (1985); Eichelberger v. Warner, 290 Pa.Super. 269, 273, 434 A.2d 747, 749 (1981); Frisch v. State Farm Fire and Casualty Co., 218 Pa.Super. 211, 214, 275 A.2d 849, 851 (1971).
We hold, therefore, that the all-terrain vehicle being operated by Michael Pirrung was on an “insured location” at the time of his fatal accident; and, therefore, the trial court correctly determined that USF & G, which had issued the homeowner’s policy, was required to defend its insureds in the action brought against them to recover for Pirrung’s death.
Affirmed.
BECK, J., files a concurring opinion.