**STATE FARM FIRE AND CASUALTY COMPANY, Appellant,**

v.

**Dave MACDONALD a/k/a David MacDonald, Kenneth Booth and Carol Booth Administrators of the Estate of Zachary Booth, Appellees.**

Superior Court of Pennsylvania.

Argued March 16, 2004.

Filed May 11, 2004.

C. Leon Sherman, Pittsburgh, for appellant.

Michael Balzarini, Pittsburgh, for Booth, appellees.

Richard B. Tucker, Pittsburgh, for MacDonald, appellee.

Before: KLEIN, BENDER, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 State Farm Fire and Casualty Company (State Farm) appeals from the trial court's order granting David MacDonald's motion for summary judgment. State Farm contends that the trial court erred in finding that MacDonald's homeowner's insurance policy, issued through State Farm, provided coverage for a pending wrongful death suit filed against MacDonald. Upon review, we find no merit in State Farm's assertion. Accordingly, we affirm.

¶ 2 MacDonald owned a residence located in Eighty Four, Pennsylvania upon which he obtained homeowner's insurance through State Farm (Effective February 27, 2000 through February 27, 2001). MacDonald kept two four-wheel All–Terrain Vehicles (ATV) on his property, which spanned a little over ten acres. MacDonald purchased one ATV and MacDonald's friends Mr. and Mrs. Ellis, purchased the other. MacDonald rode his ATV frequently, traversing his property as well as an adjacent field. The Ellis' teenage daughter, Heidi, traveled to the Mac-Donald residence in order to ride the ATVs. She rode not only on the Mac-Donald property but on the adjacent field as well.

¶ 3 During the early afternoon of October 22, 2000, Heidi, along with three friends, Eric Weber, Lauren Lacerenza, and Zachary Booth, arrived at the Mac-Donald residence to ride ATVs, which MacDonald allowed. While riding on the adjacent field, Zachary and Lauren rode together on one ATV with Zachary driving. Zachary drove behind the ATV carrying Heidi and Eric. As they traveled downhill, the ATV carrying Zachary and Lauren collided with some trees resulting in Zachary's death.

¶ 4 Zachary's parents (Booths), as administrators of Zachary's estate, initiated a wrongful death action against Mac-Donald. State Farm filed an action for declaratory judgment averring that Mac-Donald's homeowner's insurance policy neither provides coverage for the accident nor obligates it to provide a defense on MacDonald's behalf. MacDonald filed an answer, including new matter and a counterclaim, asserting, *inter alia*, that the accident was covered under the terms of his homeowner's policy. The Booths also filed an answer essentially averring the same. Ultimately, both State Farm and

MacDonald filed motions for summary judgment and the Booths filed a brief in opposition to State Farm's motion. The Honorable Robert P. Horgos granted MacDonald's motion for summary judgment and State Farm filed a timely notice of appeal. State Farm presents the following question for our consideration:

> Did the [trial] court err in granting the Motion for Summary Judgment of Dave MacDonald a/k/a/ David MacDonald?

Brief for Appellant at 3.

> Our review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

*Murphy v. Duquesne Univ. of the Holy Ghost,* 565 Pa. 571, 777 A.2d 418, 429 (2001) (citation omitted).

> [W]e apply the same standard as the trial court, reviewing all of the evidence of record to determine whether there exists a genuine issue of material fact. In the absence of a factual dispute, we must discern whether the moving party is entitled to judgment as a matter of law.
>
> \*    \*    \*    \*    \*    \*
>
> Interpretation of a contract ... poses a question of law. In construing a contract, the intention of the parties is paramount and the court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished.

*Stein Revocable Trust v. Gen. Felt Indus., Inc.,* 749 A.2d 978, 980 (Pa.Super.2000) (citations and quotation marks omitted).

¶ 5 State Farm asserts that the accident, which occurred on the adjacent field, is not covered under the terms of MacDonald's homeowner's insurance policy. The pertinent part of the policy reads:

### SECTION II —LIABILITY COVERAGES

### COVERAGE L—PERSONAL LIABILITY

> If a claim is made or suit is brought against an **insured** for damages because of **bodily injury** ... caused by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice.
>
> \*    \*    \*    \*    \*    \*

### SECTION II —EXCLUSIONS

> 1. Coverage L and Coverage M do not apply to:
>
> \*    \*    \*    \*    \*    \*
>
> e. **bodily injury** or **property damage** arising out of the ownership ... of:
>
> \*    \*    \*    \*    \*    \*
>
> (2) a **motor vehicle** owned ... by ... any **insured** ....

State Farm Policy # 38–CJ–7681–5, 2/27/00, at 15–16 (boldface in original).

¶ 6 The definition section of MacDonald's homeowner's insurance policy defines motor vehicle as follows:

> 6. "**motor vehicle**", when used in Section II of this policy, means:
>
> \*    \*    \*    \*    \*    \*
>
> c. a motorized ... all-terrain vehicle ... owned by an **insured** and designed or used for recreational or util-

ity purposes off public roads, while *off an insured location.*.

*Id.* at 2 (boldface in original; italicization added)

¶ 7 The term insured location is also contained in the definition section of Mac-Donald's policy and the definition reads:

5. "**insured location**" means:

a. the **residence premises**;

b. the part of any other premises, other structures and grounds used by you as a residence. This includes premises, structures and grounds you acquire while this policy is in effect for your use as a residence;

c. any premises *used* by you *in connection with* the premises included in 5.a. or 5.b.;

*Id.* at 2 (boldface in original; italicization added).

¶ 8 Based on the facts presented, Mac-Donald must have "used" the adjacent field "in connection with" his residence premises in order for the adjacent field to qualify as an insured location and therefore obligate State Farm to provide coverage. However, nowhere in MacDonald's homeowner's insurance policy is the word "use" or the phrase "in connection with" defined. State Farm asserts that our holding in *Uguccioni v. United States Fid. & Guar. Co.* limits a finding that an accident occurred on an insured location, based on the phrase "in connection with," to apply only in those situations where the non-residence premises are used out of necessity. Brief for Appellant at 9–12 (citing *Uguccioni* 408 Pa.Super. 511, 597 A.2d 149 (1991)). Consequently, State Farm argues that because the adjacent field where the accident occurred was used by MacDonald solely for recreational use, he is not entitled to coverage. Brief for Appellant at 10.

¶ 9 In *Uguccioni*, the plaintiff decedent was injured while riding the insured's ATV on a private road located in the residential development where the insured resided. 597 A.2d at 150. This Court was called upon to determine "whether a roadway in a private residential development is an insured location under a homeowner's insurance policy . . . ." *Id.* at 149 (quotation marks omitted). We looked to the terms of that policy and found that an insured location was defined as " 'the residence premises' and 'any premises used by you in connection with the . [residence premises].' " *Id.* at 150. We held that "[t]he language used in the policy to define an 'insured location' clearly is *broad enough* to include roads in a private development which are available for use in achieving access to the insured residence." *Id.* (emphasis added).

¶ 10 First we note that *Uguccioni* is not controlling as the matter now before us is factually distinguishable. In *Uguccioni*, the accident occurred on a road located somewhere within a private residential development and the accident in the instant case occurred on an adjacent field owned by a third party. Furthermore, our independent research has failed to reveal any Pennsylvania appellate case-law in which we interpreted such language in light of comparable facts. Therefore, we note a few guiding principles.

When interpreting an insurance contract, words that are clear and unambiguous must be given their plain and ordinary meaning. Where ambiguities are found, they must be construed in the light most favorable to the insured. However, a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction. An ambiguity exists only when a policy provision is reasonably susceptible of more than one meaning.

Courts should read policy provisions to avoid ambiguities, if possible, and not torture language to create them.

*Tenos v. State Farm Ins. Co.*, 716 A.2d 626, 628–29 (Pa.Super.1998) (quotation marks omitted). Again, the portion of the sentence in contention reads, "any premises *used* by you *in connection with*" the residence premises. We conclude that the word "use" and the phrase, "in connection with," as State Farm readily concedes, are unambiguous on their face as they are not reasonably susceptible to more than one meaning in their given context. Consequently, we interpret them according to their plain and ordinary meanings.

¶ 11 In common parlance, "use" means "continued or repeated exercise or employment," or "habitual or customary practice." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2523, (4th ed.1976). "Connection" means "the act of connecting: a coming into or being put in contact," *id.* at 481, and "with" is defined as "alongside of: near to." *Id.* at 2626. In his deposition, MacDonald states that he rode his ATV, "[o]n my property and the adjoining properties," including the adjacent field where the accident occurred. MacDonald Deposition, 6/26/02, at 19. When discussing the adjacent field, MacDonald stated that "I did meet one of the farmers—I don't remember what year ... they were on their tractor ... and what I remember is, as long as we stayed on the perimeters of the fields ... nobody had a problem with that." *Id.* Heidi stated that the perimeter of the field upon which the accident occurred starts on the MacDonald's property and continues onto the adjacent field. Heidi Ellis Deposition, 3/21/02, at 23–24. Heidi also explained that the perimeter of the field is delineated by tracks from the tractors and they would ride close to those tracks. *See id.* at 23. Based on the foregoing discussion, we find ample evidence that MacDonald repeatedly rode his ATV from his property onto the adjacent field and back. State Farm has adduced no contravening evidence. Therefore, we conclude that MacDonald has used the adjacent field in connection with his residence premises under the plain meaning of the term "insured location" contained in his homeowner's insurance policy. Accordingly summary judgment was proper and Judge Horgos did not abuse his discretion.

¶ 12 We find support for our decision in our sister state of North Carolina. In *Nationwide Mut. Ins. Co. v. Prevatte*, 108 N.C.App. 152, 423 S.E.2d 90 (1992), the plaintiff was injured while riding the insured's ATV on a trail which began on the insured's residence premises and ended on a neighbor's property. *See id.* at 90–91. The pertinent part of the insured's home insurance policy defined insured location as the "residence premises" and "*any premises used by you in connection with*" the residence premises. *Id.* at 91 (emphasis in original). Nationwide argued that the definition of an insured location, when read in context of the whole policy, clearly applied only to those places in which the insured had a legal interest. *See id.* The North Carolina Court of Appeals disagreed and found that the plain language of the definition "insured location" controlled. *See id.* at 92. The court then held that the location where the accident occurred qualified as an insured location "because it was used in connection with the [insured's] residence." *Id.* In support of its holding, the court reasoned

that plaintiff-insurer, who drafted the policy, had the opportunity to restrict the definition of insured location to include only those locations in which the insureds had a legal interest, by expressly providing so in the policy. Plaintiff-insurer failed to include such a provision. Absent such a clause of re-

striction, coverage should not be denied under the facts of this case.

*Id.* We find such reasoning persuasive as State Farm has also failed to limit its coverage to necessity or only those areas in which the insured has an underlying legal interest. Under the plain language of the definition of an "insured location," MacDonald is entitled to coverage. Accordingly, we affirm.

¶ 13 Order AFFIRMED.