

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Allstate Ins Co v. Drumheller

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3733

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Allstate Ins Co v. Drumheller" (2004). *2004 Decisions.* Paper 301.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3733
_____

ALLSTATE INSURANCE COMPANY

v.

DONALD DRUMHELLER;
GINGER KATZENMOYER,

Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-07411)
District Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2004

Before:  ALITO, AMBRO and FISHER, *Circuit Judges*.

(Filed: September 30, 2004)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Donald Drumheller, who owned an Allstate Insurance Co. ("Allstate")

homeowners policy, appeals from a grant of summary judgment in favor of Allstate.

Allstate had instituted a declaratory judgment action to determine its duties in conjunction with a negligence action filed against Drumheller by a passenger injured in an accident involving Drumheller and his All-Terrain Vehicle ("ATV").

The factual background of this action was thoroughly discussed by the District Court, and is known to the parties. The District Court granted summary judgment in favor of Allstate on the grounds that (1) the trail on which the accident occurred was not "used in connection with [Drumheller's] residence premises," (2) the term "insured premises" as defined in the policy is not ambiguous, and (3) Drumheller had no reasonable expectation that the accident was covered under his policy. On appeal, Drumheller assigned error to each of these grounds.

In this diversity case, the Court must apply Pennsylvania law. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). In the interim between the grant of summary judgment for Allstate and the submission date of this appeal, the Superior Court of Pennsylvania decided State Farm Fire and Casualty Co. v. MacDonald, 850 A.2d 707 (May 11, 2004). In MacDonald, the Superior Court found that a homeowners policy provided liability coverage for the death of a visitor using an ATV on a field adjacent to the insured property. At issue was the interpretation of a "residence premises" provision similar to the one involved here.

In Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543 (1941) (footnote omitted), the Supreme Court held that "until such time as a case is no longer *sub judice*,

2

the duty rests upon federal courts to apply state law under the Rules of Decision statute in accordance with the then controlling decision of the highest state court." The Supreme Court explicitly recognized in Vandenbark that the result of this rule would be that "[i]ntervening and conflicting [state court] decisions will thus cause the reversal of judgments which were correct when entered." Id. We have long followed this rule. See Baker v. Outboard Marine Corp., 595 F.2d 176, 182 (3d Cir. 1979) (reversing denial of motion for new trial and remanding where intervening decision of state supreme court rendered the jury charge erroneous); Air Products and Chemicals, Inc. v. Hartford Accident and Indemnity Co., 25 F.3d 177 (3d Cir. 1994) (vacating that portion of the district court's order allocating defense and indemnity costs and remanding where intervening decision of state supreme court altered the statement of law relied upon by the district court in its allocation). Accordingly, we find it appropriate to VACATE the decision below and REMAND for consideration of the impact, if any, of the MacDonald decision.

_____

3