GARTH, Circuit Judge,
dissenting.
I am compelled to dissent. My colleagues in the majority hold that Allstate has a duty to defend and indemnify Drumheller for the injuries suffered by Katzenmoyer. They so hold even though Allstate’s policy does not cover losses that occur on land not used by an insured person in connection with his “residence premises,” as the land at issue here was not.
The phrase “land used in connection with residence premises” has recently been interpreted by the Pennsylvania Superior Court to mean land (1) that the insured uses regularly, and (2) that is adjacent to the insured’s residence premises. State Farm Fire and Casualty Co. v. MacDonald, 850 A.2d 707, 711 (2004). Thus, the test of whether liability attaches or not is comprised of two criteria — not one criterion, as my colleagues have limited it.
My dissent is driven by MacDonald’s interpretation of the policy provision, by sheer logic and by pragmatism. As neither my colleagues nor I can determine from the submissions of the parties whether the “residence premises” are adjacent to the area where the accident occurred and if that “adjacency” comports with MacDonald’s instruction, I believe it is incumbent upon us not to decide whether Allstate has a duty to defend and indemni *163 fy, but rather to remand to the District Court for a determination of whether the areas in question are touching and whether they meet the standard of adjacency as MacDonald has decreed it.
I.
The majority has concluded that the “crucial inquiry” in the test established by MacDonald is only the first criterion (i.e., regular use). The record demonstrates that Drumheller regularly drove his ATV on the part of the trail where the accident occurred. The majority does not read MacDonald as imposing a second criterion, adjacency. Contrary to MacDonald’s holding, the majority claims that the MacDonald court did not intend “adjacent” to mean “adjoining” or “touching.”
I agree with the majority that the first criterion of the MacDonald test (regular use) clearly is fulfilled here; Drumheller regularly drove his ATV on the land where the accident occurred. My agreement ends there, however.
II.
It is crystal clear to me that the MacDonald court’s test for land “used in connection with the residence premises” includes an adjacency requirement in addition to its “regular use” requirement. If it did not, the universe of what would constitute “land used in connection with the residence premises” would expand to include every place an insured visits and rides his ATV regularly. Under that test, if Drumheller regularly drove his ATV in, say, Naples, Florida — more than 1,200 miles from his residence premises — and an accident occurred there, Allstate would be required to defend him in a suit brought by the injured party! That a person visits a place regularly, does not mean the person uses that place “in connection with his residence premises” in any ordinary sense of that phrase. I am confident this cannot be what the MacDonald court intended.
I not only contend that “adjacency” is a primary requirement under the MacDonald test; I disagree that “adjacency” does not mean “adjoining” or “touching.” The majority’s primary reason for concluding that the MacDonald court did not mean “adjoining” or “touching” when it used the word “adjacent” is that it believed the land where the accident occurred in MacDonald was not adjoining or touching the insured’s residence premises — when it was!
The text of the MacDonald opinion directly contradicts the majority’s reading. It reports that MacDonald rode his ATV on his property “and the adjoining properties, including the adjacent field where the accident occurred.” Id. It also states that “the perimeter of the field upon which the accident occurred starts on the MacDonald [ ] property and continues on the adjacent field.” Id. The clear meaning of this language is that the adjacent field touched— adjoined — MacDonald’s property. Though I concede that the dictionary contains some definitions of “adjacent” that do not require touching, I cannot conclude, based on the context of its ruling, that the MacDonald court had these definitions in mind when it used the word “adjacent.” Indeed, their absence from the MacDonald opinion lends stark weight to my dissent.
For these reasons, I would hold that, under MacDonald, land “used in connection with the residence premises” means land which the insured used regularly, and land that is adjacent to — meaning touching, adjoining, contiguous with — the residence premises.
III.
In their briefs and at oral argument, the question of whether the insured property *164 and the land where the accident occurred were touching, was sharply disputed. The Appendix submitted to us — which included unreadable maps and vague oral descriptions of the relative location of the properties in question — were of no help to the panel in resolving this dispute. Prior to the oral argument, Allstate had moved to permit additional exhibits in the form of colored and enlarged maps to be used during the oral argument. The accuracy of these maps was disputed, but what was not disputed was the fact that they had not appeared in the record below. The maps, if accepted by our panel (and they were not), would have indicated that the residence premises and the MacElhenney property (where the accident occurred) were not adjacent — they did not touch or adjoin.
In light of this continuing controversy between the parties, I believe it to be only fair and just to both parties that we remand to the District Court with leave to the parties to submit relevant maps and evidence to determine whether the properties in question are “adjacent” to each other under the MacDonald two-criteria standard.
I therefore respectfully dissent, for the purpose stated above, and urge my colleagues to remand to the District Court.