## Hafer v. Anadarko E&P Company LP

C.P. of Lycoming County, No. 11-02303

*Marc S. Drier*, for plaintiffs.
*Andrea E. Hammel*, for defendant.

GRAY, *J.*, December 2, 2013—

## OPINION AND ORDER

And now, this 4th day of December 2013, following oral argument on the defendant's motion for summary judgment held November 1, 2013, and after review of the argument, pleadings, motions and briefs, the court finds

that summary judgment is warranted. This matter involves a dispute as to the terms of an oil and fas lease and can be determined as a matter of contract law. Viewing the record in favor of the non-moving party, the court concludes that the oil and gas lease executed on April 8, 2008 ("Lease") in this matter does not require a payment of $2500 per acre to the Hafers on or by August 13, 2011. The court enters the following opinion and order.

## Findings of Fact

On May 15, 2006, the Hafers executed an oil and gas lease with East Resources, Inc., for a term of five years with no provisions for extension beyond the initial five year term unless oil, gas or other substances covered by the lease were actually being produced in paying quantities under the lease. *Complaint-Assumpsit,* ¶4. Before April 28, 2008, an agent for East Resources Inc. approached the Hafers and negotiated a new five year lease, beginning at the end of the existing lease primary term on May 15, 2011. *Complaint-Assumpsit,* ¶5. During the negotiation, the agent noted the following in writing. "300 AN ACRE 90 DAYS AFTER SIGN LEASE $1700 AN ACRE ON OR BEFORE THE EXPIRATION DATE 5/15/2011, 2,500 AN ACRE 90 DAY AFTER EXPIRE DATE" On April 28, 2008, an oil and gas lease was executed which provided a "primary term of Five years from May 15, 2011, hereinafter called the "Effective Date"..[.]" An extension payment of $2500 per acre was required as follows.

EXTENSION OF TERM: At Lessee's option, Lessee may extend the primary term of this lease for an additional period equal to the primary term by paying or tendering to Lessor an extension payment of twenty five hundred per acre payable at (2500.00) *any time*

*prior to the expiration of the primary term.* If Lessee exercises this option, the primary term of this lease shall be considered to be continuous, commencing on the Effective Date hereof and continuing to the end of the extended primary term. (Emphasis Added.)

The oil and gas lease further provides for rental payments as follows.

(6) RENTAL PAYMENT — This lease is made on the condition that within ninety (90) days from the Effective Date of this lease, Lessee shall pay to the Lessor the sum or (*See* attached addendum, Clause 7) Dollars ($ .00) per acre for the first year....

The attached addendum, clause 7 provides the following.

7. Lessee agrees to pay to Lessor in which three hundred dollars ($300.00) per net mineral acre to be delivered to Lessor within 90 days of the execution of this agreement and the remaining One Thousand Seven hundred dollars (1700.00) per net mineral acre due on or before May 15, 2011. All rental due during the primary term of the lease will then be considered to be paid in full and no further rental payments will be due.

The lease also provides the following.

(17) ACCEPTANCE — This lease contains all of the agreements and understanding of the Lessor and Lessee respecting the subject matter hereof and no implied covenants or obligations or verbal representations or promises have been made or relied upon by Lessor or Lessee supplementing or modifying this lease or as an inducement thereto.

Ultimately the lease was assigned to the defendant,

Anadarko E & P Company LP. *Complaint-Assumpsit*, ¶10. Todd and Kathryn A. Hafer filed a Complaint-Assumpsit on December 8, 2011, alleging that they should have been paid $2500 per acre on or by August 13, 2011 based upon the oil and gas lease executed on April 28, 2008 as evidenced by a writing made prior to the execution of the oil and gas lease.

## Conclusions of Law

### Summary Judgment

1. Pursuant to Pa. R.C.P. 1035.2, the court may grant summary judgment at the close of the relevant proceedings if there is no genuine issue of material fact or if an adverse party has failed to produce evidence of facts essential to the cause of action or defense. *Keystone Freight Corp. v. Stricker*, 31 A.3d 967, 971 (Pa. Super. Ct. 2011).

2. A non-moving party to a summary judgment motion cannot rely on its pleadings and answers alone. Pa. R.C.P. 1035.2; 31 A.3d at 971.

3. When deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, with all doubts as to whether a genuine issue of material fact exists being decided in favor of the non-moving party. 31 A.3d at 971.

4. If a non-moving party fails to produce sufficient evidence on an issue on which the party bears the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Keystone*, 31 A.3d at 971 (citing *Young v. Pa. Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000)).

5. "Interpretation of a contract...poses a question of law. In construing a contract, the intention of the parties is

paramount and the court will adopt an interpretation which under all circumstances ascribes the most reasonable, probable, and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished." *State Farm Fire & Cas. Co. v. MacDonald*, 2004 PA Super 161, P4 (Pa. Super. Ct. 2004), citing, *Stein Revocable Trust v. Gen. Felt Indus., Inc.*, 2000 PA Super 103, 749 A.2d 978, 980 (Pa. Super. 2000) (citations and quotation marks omitted).

6. The court concludes that the oil and gas lease, including the specific reference in paragraph 6 to the attached addendum, clause 7 listing the rental payments, represents the entire agreement between the parties and their assignee.

7. The oil and gas lease does not require a payment of $2500 per acre to the Hafers on or by August 13, 2011

8. The parol evidence rule precludes this court from considering the pre-contactual writing listed as plaintiff's Exhibit "B." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425 (Pa. 2004).

## Discussion

The issue in this case pertains to whether the parol evidence rule precludes this court from considering extrinsic evidence, including a pre-contractual writing and oral discussions not contained in the oil and gas lease executed on April 28, 2008.

In *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425 (Pa. 2004), our Supreme Court has explained the parol evidence rule. In particular, the Court held that:

[w]here the parties, without any fraud or mistake,

have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract...and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.

*Id.* at 436 (citing *Gianni v. Russell & Co.*, 126 A. 791, 792 (Pa. 1924) (citations omitted)). Additionally, our Supreme Court has explained when the parol evidence rule should be applied.

[F]or the parol evidence rule to apply, there must be a writing that represents the "entire contract between the parties." To determine whether or not a writing is the parties' entire contract, the writing must be looked at and "if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties...."...

Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract. One exception to this general rule is that parol evidence may be introduced to vary a writing meant to be the parties' entire contract where a party avers that a term was omitted from the contract because

of fraud, accident, or mistake.

854 A.2d at 436-37 (citations omitted).

In this instance, the parties deliberately put the contract into writing. Therefore, in the eyes of this court, that writing is the best and only evidence concerning their agreement. That writing, the Lease, does not provide a payment of $2500 per acre to the Hafers on or by August 13, 2011. The Lease specifically refers to an addendum, clause 7, which lists the rental payments but that writing does not reference the handwritten pre-contractual writing, Exhibit "B." The court notes that all of the payments that were listed by the agent in Exhibit "B," that were required on or before the expiration date of March 15, 2011, were included in clause 7 as rental payments. The court further notes there was ample blank space remaining after clause 7 to include a further rental payment of $2500 per acre by August 13, 2011, but no such provision was included. The writing does include an option to extend the term by paying or tendering to Lessor an extension payment of twenty five hundred per acre payable at (2500.00) *any time prior to the expiration of the primary term*, *i.e.*, March 15, 2016.

The court notes that unlike, *Empire Properties Inc. v. Equiseal Inc.*, 674 A.2d 297 (Pa. Super. 1995) which was cited by plaintiffs, this matter does not involve an oral modification of the written contract between the parties nor has any party invoked the Statute of Frauds as a defense. In the instant case, the oral discussions and writing occurred prior to the execution of the written document, the Lease. The Lease does not include a $2500 per acre by August 13, 2011. The Lease also has a provision which contradicts the assertion that the pre-contractual writing was part of

the agreement. It provides the following.

*This lease contains all of the agreements and understanding of the Lessor and Lessee respecting the subject matter* hereof and no implied covenants or obligations or verbal representations or promises have been made or relied upon by Lessor or Lessee supplementing or modifying this lease or as an inducement thereto. (emphasis added)

The court enters the following order.

### ORDER

And now, this 4th day of December, 2013, following oral argument on defendant's Motion for Summary Judgment held on November 1, 2013, and for the reasons stated above, defendant's motion is granted. It is ordered and directed that judgment is entered in favor of defendant and against plaintiffs on all claims. Plaintiffs' complaint is dismissed with prejudice. The court notes that plaintiffs did not raise claims of fraud or mutual mistake. The pre-trial conference scheduled for December 6, 2013 is hereby cancelled and the matter is removed from the trial list.