MINORA, J.,
I. INTRODUCTION
Before the court is the declaratory judgment action of William O’Brien, Diane O’Brien and Charles Catania, Jr., which was filed on December 20,2002 with oral argument held on February 18, 2015. William and Diane O’Brien (hereinafter “plaintiffs O’Brien”) filed a declaratory judgment action complaint, pursuant to Pennsylvania’s *483 Declaratory Judgments Act, 42 Pa.C.S.A. § 7531, seeking declaration that Ohio Casualty Insurance Company (hereinafter “defendant”) owed duties to both defend and indemnify plaintiffs O’Brien pursuant to a property and casualty policy of insurance.
On May 13, 2003, defendant filed an answer and new matter to plaintiffs O’Brien’s complaint for declaratory judgment. On November 21, 2003 plaintiffs O’Brien filed a motion for summary judgment. On May 27, 2004 the honorable judge Terrence R. Nealon issued a memorandum and order denying plaintiffs O’Brien’s motion for summary judgment on the ground that issues of fact existed as to whether the accident occurred on an insured location. On February 21, 2006 Charles Catania, Jr. (herein after “plaintiff Catania”) filed a petition for leave of court to intervene. Defendant filed its answer to plaintiff Catania’s petition to intervene on March 10, 2006 and its brief in opposition on March 22, 2006. A hearing on this matter was held on March 28, 2006, and on December 9, 2008 this court conditionally granted plaintiff Catania’s petition to intervene. The condition required plaintiff Catania to amend his petition to cure its technical defect by including a statement of relief sought and attaching the pleading that he intended to file if allowed to intervene. On July 30, 2009, the Honorable Judge Harold A. Thomson, Jr., S.J., granted plaintiff Catania’s petition to intervene.
On July 11, 2012, defendant Ohio filed a motion for summary judgment. On September 3,2012 the Honorable Judge Harold A. Thomson, Jr., S.J., denied defendant’s motion for summary judgment on the ground that genuine issues of material fact existed, necessitating determination from a trial by jury, making summary judgment *484 inappropriate.
According to the parties’ filed joint stipulation of facts, this case arises out of an all-terrain vehicle (ATV) accident occurring on July 22,2001. Plaintiff Catania was in attendance at a graduation party at plaintiffs O’Brien’s residence. See joint stipulation of facts regarding declaratory judgment action, at fact number 5. Plaintiff Catania was driving an ATV owned by plaintiffs’ son, Casey O’Brien, when he hit loose gravel, causing the ATV to slide and strike a tree and a telephone pole. Id., at fact number 6,14,21. The ATV finally came to a rest in a yard located at 300 Lake Spangenberg Road, Lake Ariel, PA. Id., at fact number 21. As a result of the ATV accident, plaintiff Catania suffered serious personal injuries. Id., at fact number 6.
Plaintiffs O’Brien were issued a renewal homeowners policy from defendant regarding their property located at RR #3, Box 468, Lake Ariel, Pennsylvania. The policy of insurance was for the period of June 3, 2001 to June 30, 2002. See policy and declaration pages attached as Exhibit “C” to declaratory judgment action. Section II, Coverage E of the policy addresses personal liability and coverage for any bodily injury claims brought against an insured. Section II (1) (f) (2) sets forth certain policy exclusions and states that liability coverage does not apply to bodily injury arising out of “[t]he entrustment by an ‘insured’ of a motor vehicle or any other motorized land conveyance to any person.” Id., at 13. Subsequent language provides this policy exclusion does not apply to:
(2) a motorized land conveyance designed for recreational use off public roads, not subject to motor *485 vehicle registration and:
(a) not owned by an ‘insured’; or
(b) owned by an ‘insured’ and on an ‘insured location’.
Id., at 14. Defendant made an internal determination that there should be no liability coverage nor duty to defend under the policy due to the aforementioned exclusion. Defendant argues that the accident, which occurred off the O’Brien’s property, did not occur on an insured location.
The policy defines “insured location” as:
a. The ‘residence premises’:
b. The part of other premises, other structures and grounds used by you as a residence and;
(1) Which is shown in the declarations or
(2) Which is acquired by you during the policy period for your use as a residence;
c. Any premises used by you in connection with a premises in 4.a. and 4.b. above;
d. Any part of a premises:
(1) Not owned by an ‘insured’; and
(2) Where an ‘insured’ is temporarily residing;
e. Vacant land, other than farm land, owned by or rented to an ‘insured’;
f. Land owned by or rented to an ‘insured’ on which a one or two family dwelling is being built as a residence for an ‘insured’;
*486 g. Individual or family cemetery plots or burial vaults of an ‘insured’ or
h. Any part of a premises occasionally rented to an ‘insured’ for other than ‘business’ use.
Id., at 1. All plaintiffs argue that their use of the area in which the accident occurred constitutes as an insured location due to their regular and undisputed use of the accident location.
All plaintiffs contend that defendant has a duty to defend plaintiffs O’Brien in this action brought against them, a duty to bear all costs of such defense and a duty to reimburse plaintiffs O’Brien for all of their costs and legal fees incurred. Furthermore, all plaintiffs seek a declaration that, pursuant to the express and implied terms of the policy, defendant is required to defend the above mentioned action on behalf of plaintiffs O’Brien.
II. ISSUE
1. Does the defendant owe a duty to defend and indemnify plaintiffs O’Brien pursuant to their policy of insurance?
III. DISCUSSION
Both the duty to defend and the duty to indemnify may be resolved in a declaratory judgment action. American Nat. Property and Cas. Companies v. Hearn, 93 A.3d 880, 884 (Pa. Super. 2014). Both duties flow from a determination that the complaint triggers coverage. Id. “We focus primarily on the duty to defend because it is broader than the duty to indemnify.” Id. Therefore, “if an insurer does not have a duty to defend, it does not have a *487 duty to indemnify.” Id.
An insurer’s obligation to defend does not arise every time an insured is sued. The Philadelphia Contributionship Insurance Co. v. Shapiro, 798 A.2d 781, 786 (Pa. Super. 2002). Instead, an insurer need only defend an insured in a claim “when the underlying lawsuit falls within the coverage of the policy.” Id. “The duty to defend only lasts until such time as the claim is confined to a recovery that the policy does not cover.” Haines v. State Auto Prop. And Cas. Ins. Co., 2010 WL 1257982, 3 (E.D. Pa. 2010) aff’d 417 Fed. Appx. 151 (3d. Pa. 2011). In attempting to interpret the language of an insurance policy, the goal is to ascertain the intent of the parties as manifested by the language of the written insurance agreement. Matcon Diamond, Inc. v. Penn Nat-Ins. Co., 815 A.2d 1109, 1112 (Pa. Super. 2003).
When interpreting an insurance contract:
[Wjords that are clear and unambiguous must be given their plain and ordinary meaning. Where ambiguities are found, they must be construed in the light most favorable to the insured. However, a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction. An ambiguity exists only when a policy provision is reasonably susceptible of more than one meaning. Courts should read policy provisions to avoid ambiguities, if possible, and not torture language to create them.
State Farm Fire & Cas. Co. v. MacDonald, 850 A.2d 707, 710-11 (Pa. Super. 2004); Tenos v. State Farm Ins. Co., 716 A.2d 626, 628-29 (Pa. Super. 1998). The court in MacDonald defined the terms “use” and “in connection *488 with” by their plain and ordinary meanings because, as in this case, the policy failed to define the terms. MacDonald, 850 A.2d at 711. As defined in MacDonald:
‘use’ means ‘continued or repeated exercise or employment,’ or ‘habitual or customary practice.’ ‘Connection’ means ‘the act of connecting: a coming into or being put in contact,’ and ‘with’ is defined as ‘alongside of: near to.’
Id. (citations omitted).
In the case at hand, there are several material facts that are undisputed:
(1) Defendant Ohio made an internal determination that there would be no coverage or duty to defend due to the exclusion contained in Section II, Coverage E of the policy.
(2) By way of memorandum and order, the Honorable Judge Nealon issued a decision determining the ATV is not subject to motor vehicle registration, that the ATV was owned by an insured, and that since the ATV was owned by an insured, the only possible basis for a duty to defend would be Section 2(b) of the policy which provides coverage for a motorized land conveyance owned by an insured and on an insured location.
(3) The only definition of insured location that would be applicable to this matter would be Section (c) which states “any premises used by you in connection with a premises in 4.a and 4.b above.”
(4) The accident “occurred at or near the comer of Hitchcock and Lake Spangenberg Road.” Lake *489 Spangenberg Road was a township road and was not posted for AT Vs or snowmobiles.
(5) Plaintiff O’Briens’ house is a quarter mile from the location of the accident, and “[t]o get from the O’Briens’ residence to the location of the accident you had to walk past four [(4)] or five [(5)] other properties.”
(6) The tree plaintiff Catania struck was located in a homeowners’ yard located at 300 Lake Spangenberg Road, Lake Ariel, PA, owned by John Norcross.
(7) With regard to the real property where the accident occurred, plaintiffs O’Brien had never lived or been at the property.
(8) Casey O’Brien would normally drive the ATV behind his house on a path in the woods; “[He] may have driven the ATV on Lake Spangenberg Road once or twice.”
(9) “When [plaintiffs O ’ Brien] would exit their driveway in a motor vehicle, ninety-five percent (95%) of the time they would take a right onto Lake Spangenberg Road and drive past the area of the accident.”
See joint stipulation of facts regarding declaratory judgment action.
Plaintiffs rely on the MacDonald decision. In that decision, the Superior Court supra found the insured used an adjacent field in connection with his residence premises. MacDonald, 850 A.2d at 711. The plain meaning of the term “insured location” contained in his homeowner’s insurance policy required the insurance company to defend his claim. Id. However, in MacDonald *490 the facts revealed the insured rode his ATV frequently in the adjacent field where the accident took place. Id., at 708. In the present case, Casey O’Brien only rode his ATV on Lake Spangenberg Road once or twice. See joint stipulation of facts regarding declaratory judgment action, at fact number 31. Furthermore, plaintiffs O’Brien had never been on nor resided on the property where plaintiff Catania struck the tree resulting in the personal injuries. Id., at fact number 29.
This case is almost identical to the Haines case, where the United States District Court for the Eastern District of Pennsylvania found the definition of “insured location” in the policy did not encompass a publicly maintained road, and the insurance company did not owe its insureds a duty to defend under their homeowners’ policy. Haines, 2010 WL 1257982, at 7. While Haines is not binding on our court, we find its uncanny similarities to our case render it persuasive in our decision. In Haines, the insureds’ golf cart was involved in an accident while being driven by the insureds’ son’s friend on a public alleyway located behind the insureds’ home. Id., at 2. The policy exclusion and the definition of an insured location are identical to those contained in plaintiff O’Brien’s policy. The Haines Court “concluded that the term ‘a premises you use,’ although broad enough to include a private road, [is] not broad enough to encompass a public thoroughfare.” Id., at 6. In the present case, while plaintiffs O’Brien utilize Lake Spangenberg Road ninety-five percent (95%) of the time they exit their property, the road is maintained by Jefferson township. The policy term “premises you use” cannot extend to coverage on a public road. Furthermore, the Huntingdon County 05-51 court in Gardner concluded *491 “[w]e cannot and will not conclude that the language of the exception is sufficiently broad to encompass public roads, particularly since the legislature has ordained it unlawful to operate an ATV on public roads not designated and posted as an ATV road.” See Nationwide Mut. Ins. Co. v. Gardner, 79 Pa. D. & C. 4th 150, at 163 (where the court denied insurance coverage for an ATV accident holding the definition of insured location in the homeoowner’s insurance policy was not broad enough to include a public road.) While not binding, We find its reasoning to be persuasive.
Plaintiffs O’Brien argue that their frequent use of Lake Spangenberg Road for ingress and egress from their property constitutes as use in connection with their premises. However, according to the plain meaning of use, as interpreted in MacDonald, plaintiffs O’Brien did not repeatedly or customarily use either a private road nor the private property where the accident concluded. Plaintiffs O’Brien admit to never having been at the precise location of the ATV accident. Additionally, Casey O’Brien admits to only riding his ATV on Lake Spangenberg Road once or twice. Arguably, this would not meet the definition of “use” contained in the homeowner’s insurance policy, nor as interpreted in Haines, because Lake Spangenberg Road is a public thoroughfare.
Accordingly, applying the law to those undisputed facts requires us to deny plaintiffs’ declaratory judgment action.
An appropriate order follows.
ORDER
And now to wit, this 12th day of March, 2015, upon *492 due consideration of the declaratory judgment action, responsive pleadings and briefs and the able verbal and written arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed that said declaratory judgment action is denied.
That being so, it is declared that the location of the ATV accident cannot meet the policy definition of an “insured location” under the policy of insurance. Therefore, William and Diane O’Brien lack insurance coverage and Ohio Casualty Insurance Company is not required to either defend nor indemnify the O’Briens pursuant to their policy of insurance.