J. E04001/14

2015 PA Super 146

SELECTIVE WAY INSURANCE : IN THE SUPERIOR COURT OF
COMPANY, : PENNSYLVANIA
:
Appellant :
:
v. :
:
HOSPITALITY GROUP SERVICES, INC.; : No. 1430 WDA 2013
HOSPITALITY GROUP SERVICES, INC. :
T/D/B/A RAMADA INN; HOSPITALITY :
GROUP SERVICES, INC. T/D/B/A :
RAMADA OF LIGONIER; AND :
HOSPITALITY GROUP SERVICES, INC. :
T/D/B/A RAMADA OF HISTORIC :
LIGONIER; ROGER N. ALMS; ROSE M. :
ALMS AND TERRI NEMCHECK, :
INDIVIDUALLY AND AS :
ADMINISTRATRIX OF THE ESTATE OF :
SEAN M. NEMCHECK, DECEASED :

Appeal from the Order, August 8, 2013,
in the Court of Common Pleas of Westmoreland County
Civil Division at No. 3543 of 2012

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E., PANELLA,
DONOHUE, SHOGAN, MUNDY, OLSON, AND OTT, JJ.

DISSENTING OPINION BY FORD ELLIOTT, P.J.E.:**FILED JULY 07, 2015**

I respectfully dissent. Under the circumstances of this case, I agree

with the trial court that the four-year statute of limitations for filing a

declaratory judgment action began to run no later than August 1, 2007,

when the plaintiffs in the underlying lawsuit filed a formal complaint. I

disagree that the trial court *ipso facto* determined that the statute begins to

run on all coverage disputes at the time of the filing of the complaint. I agree with the analysis of the Majority in defining the purpose of declaratory judgment actions. I also agree that the actual controversy triggering the statute can be a moving target that must be decided by the facts of any given case. Certainly, **Wagner v. Apollo Gas Co.**, 582 A.2d 364 (Pa.Super. 1990), and its unique facts established as much. Legislatively created limitations periods are based on a policy of fairness to a defendant, as well as to prevent stale claims and to require a reasonable time to enforce rights. **See Aivazoglou v. Drever Furnaces**, 613 A.2d 595, 597 (Pa.Super. 1992) ("The Pennsylvania Supreme Court has repeatedly emphasized the important purposes which are served by statutes of limitation. They not only serve to give prompt notice to defendants that claims are being made against them, but they prevent stale claims and thus promote finality and stability.") (citations omitted). To hold as Selective advocates that the trigger for the statute is when the carrier denies coverage to the insured would in effect allow the limitations period to begin when the insurer says it should begin thereby thwarting legislative intent. Rather, I would decide that the statute of limitations for filing a declaratory judgment action begins to run when the insurer is on notice of a coverage dispute, be it upon the review of the complaint, the completion of discovery, the ultimate resolution of the underlying lawsuit, or any other event which would provide actual notice.

Here, Selective was aware there was a coverage issue; in fact, it had already sent Hospitality a reservation of rights letter on July 31, 2007. Selective was also aware of the Liquor Code Enforcement proceedings in which the sworn testimony of Matthew White, Sean Nemcheck's co-worker, was introduced to establish that Nemcheck obtained alcohol from the premises while unsupervised and without Hospitality's knowledge or permission. Selective argues that because Nemcheck took and consumed alcohol without Hospitality's knowledge or permission, there is no Liquor Liability Coverage. Yet, for whatever reason, Selective waited to file a declaratory judgment action until June 6, 2012, nearly five years later.[1]

> In determining whether an insurance company is responsible to defend its insured, we observed in ***Gene's Restaurant Inc. v. Nationwide Ins. Co.***, 519 Pa. 306, 308, 548 A.2d 246, 247 (1988) that:
>
> > [a]n insurer's duty to defend an action against the insured is measured, in the first instance, by the allegations in the plaintiff's pleadings. . . . In determining the duty to defend, the complaint claiming damages must be compared to

---

[1] In ***Zourelias v. Erie Ins. Group***, 691 A.2d 963 (Pa.Super. 1997), ***appeal denied***, 706 A.2d 1214 (Pa. 1998), this court found that the statute of limitations did not begin to run until Erie denied the appellant's request for coverage. ***Id.*** at 964 n.2. However, as Hospitality points out, the plaintiff in the declaratory judgment action in ***Zourelias*** was the ***insured***, not the insurer. (Supplemental brief of appellees at 6.) Obviously, in that case, an "actual controversy" would not arise regarding interpretation of the insurance policy at issue until the insurer actually denied coverage. An insured would have no reason to file a declaratory judgment action before then. Here, however, Selective knew in 2007 simply by comparing the factual allegations in the Nemcheck complaint with the coverage exclusions in the policy that there was a basis for denial of coverage.

> the policy and a determination made as to whether, if the allegations are sustained, the insurer would be required to pay resulting judgment. . . . [T]he language of the policy and the allegations of the complaint must be construed together to determine the insurers' obligation.
>
> Therefore, "a carrier's duties to defend and indemnify an insured in a suit brought by a third party depend upon a determination of whether the third party's complaint triggers coverage." **Mutual Benefit Ins. Co. v. Haver**, 555 Pa. 534, 538, 725 A.2d 743, 745 (1999).

**Donegal Mutual Ins. Co. v. Baumhammers**, 938 A.2d 286, 290-291 (Pa. 2007). "[W]e focus primarily on the duty to defend because it is broader than the duty to indemnify. If an insurer does not have a duty to defend, it does not have a duty to indemnify. However, both duties flow from a determination that the complaint triggers coverage." **American Nat. Property and Cas. Companies v. Hearn**, 93 A.3d 880, 884 (Pa.Super. 2014), quoting **Indalex Inc. v. National Union Fire Ins. Co. of Pittsburgh**, 83 A.3d 418, 421 (Pa.Super. 2013) (citations and quotation marks omitted).

As our supreme court stated in **General Accident Ins. Co. of America v. Allen**, 692 A.2d 1089, 1095-1096 (Pa. 1997) (emphasis in original):

> The question before a court in a declaratory judgment action is not whether the insurer owes **indemnification** in a specific amount, which would be a premature inquiry absent a full resolution of the

underlying action. Instead, the question is whether the insurer has a **duty** to indemnify the insured **in the event of** liability in the underlying action. A court can answer such a question because it is within the scope of a court's power pursuant to the Declaratory Judgments Act. 42 Pa.C.S. § 7532 (courts have the power to declare rights, status and other legal relations whether or not further relief is or could be requested). Indeed, the Superior Court has held that the duty to defend **and** the duty to indemnify may be resolved in a declaratory judgment action. [**Erie Ins. Exchange v. Claypoole**, 673 A.2d 348 (Pa.Super. 1996)] (duty to defend and duty to indemnify may be resolved in declaratory judgment action); **Harleysville Mutual Insurance Company v. Madison**, 415 Pa.Super. 361, 609 A.2d 564 (1992) (insurer can seek determination of obligations to insured before conclusion of underlying action); **see also**, **Uguccioni v. United States Fidelity & Guaranty Company**, 408 Pa.Super. 511, 597 A.2d 149 (1991).

**See also Baumhammers**, 938 A.2d at 291 ("To determine whether Donegal is obligated to defend and potentially indemnify parents in the instant case requires review of the factual allegations contained in the complaint."). Hence, the duties owed by an insurer under the policy are uniquely a matter for declaratory judgment.

As supported by **Allen**, the relief of a declaratory judgment in insurance coverage disputes between an insurance company and its insured must be viewed in the context of a duty analysis. Under any policy of insurance, there is a duty of good faith and fair dealing imposed on the insurer to investigate claims and resolve coverage disputes with its insured in a timely manner. **See Berg v. Nationwide Mut. Ins. Co., Inc.**, 44 A.3d

1164, 1170 (Pa.Super. 2012), **appeal denied**, 65 A.3d 412 (Pa. 2013) ("The duty of good faith originates from the insurer's status as a fiduciary for its insured under the insurance contract, which gives the insurer the right, **inter alia**, to handle and process claims.") (citation omitted). This duty rests on the foundation that the prejudice to the insured can be great if a defense and coverage is denied. Furthermore, an insurer and its insured are not on equal footing; and in my view, where an insurer is put on notice of a coverage issue, **i.e.**, by comparing the factual allegations in the underlying complaint with the terms of the policy, it should promptly seek a judicial determination of whether or not it has a duty to defend/indemnify its insured in order to avoid prejudice to the insured. There would be little question that if the four corners of a complaint in a given case established that a duty to defend and indemnify was clearly excluded, then the insurer would be estopped from waiting to file for declaratory relief following the resolution of the underlying action. The result is no different instantly when Selective waited until the eve of trial.

As of July 31, 2007, when Selective sent a reservation of rights letter, and August 1, 2007, when the complaint was filed, Selective was aware of a potential coverage issue. Selective was well aware of all the pertinent facts more than four years prior to filing the declaratory judgment action. By the time the complaint was filed, Selective knew that Nemcheck was an employee of Hospitality; that he died in a one-vehicle accident while driving

home; that he was a minor; and that he had a BAC of .14. These facts were alleged in the complaint in the underlying lawsuit and summarized by Selective in its reservation of rights letter. As a result of the Liquor Code Enforcement proceeding, Selective also knew that Nemcheck took and consumed alcohol without Hospitality's knowledge or permission. Substantially the same facts are set forth in Selective's complaint for declaratory judgment to support its contention that coverage is precluded under the policy. A simple comparison of the factual allegations in the Nemcheck complaint with the terms of the policy should have enabled Selective to timely file a declaratory judgment action. Despite knowing all the salient facts upon which it relies in its declaratory judgment action, Selective waited until the eve of trial to seek a judicial determination of non-coverage.

> When an insurance company or its representative is notified of loss occurring under an indemnity policy, it becomes its duty immediately to investigate all the facts in connection with the supposed loss as well as any possible defense on the policy. It cannot play fast and loose, taking a chance in the hope of winning, and, if the results are adverse, take advantage of a defect in the policy. The insured loses substantial rights when he surrenders, as he must, to the insurance carrier the conduct of the case.

***Malley v. American Indemnity Corp.***, 146 A. 571, 573 (Pa. 1929). ***See also Babcock & Wilcox Co. v. American Nuclear Insurers***, 76 A.3d 1, 13 (Pa.Super. 2013), ***appeal granted in part***, 84 A.3d 699 (Pa. 2014),

quoting ***Mid-Century Ins. Co. v. McKelvey***, 666 S.W.2d 457, 459 (Mo.Ct.App. 1984) ("Nothing chills one's zeal for a defense so much as the belief that, even if he loses, it will cost him nothing. . . ."). In the meantime, had Hospitality been informed of Selective's actual intention to deny coverage, it could have engaged separate counsel and managed its own defense. ***See Brugnoli v. United National Ins. Co.***, 426 A.2d 164, 168 n.6 (Pa.Super. 1981) ("consent of the insured is necessary if the insurer is to retain control of defense of the action and at the same time reserve the right to disclaim liability under the policy"), quoting 14 G.Couch, Cycopedia of Insurance Law § 51:84 (2nd ed. 1965); ***Babcock & Wilcox Co.***, 76 A.3d at 12 (an insured has the option to decline a defense tendered subject to a reservation of rights and furnish its own defense, either ***pro se*** or through independent counsel retained at the insured's expense). Although Selective did send a protective reservation of rights letter, Hospitality could be forgiven for assuming Selective had decided to waive any coverage issue when it had still not filed a declaratory judgment action five years later.

For these reasons, I would hold that the statute of limitations begins to run when an insurer is put on notice of a coverage dispute on a claim. In this case, that was no later than August 1, 2007, when the underlying complaint was filed. It was at that time that Selective was aware of an actual coverage controversy. Therefore, I would find that the limitations period to file a declaratory judgment action expired on August 1, 2011, and

Selective's complaint was filed ten months too late, on June 6, 2012. As such, I respectfully dissent.

Judges Panella and Shogan join this dissenting opinion.

Judge Mundy concurs in the result.