**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-2089**

_____

MITCHELLVILLE PLAZA BAR LP,

Plaintiff - Appellant,

v.

THE HANOVER AMERICAN INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, Senior District Judge. (8:21-cv-00106-PWG)

_____

Submitted: November 30, 2023                    Decided: January 19, 2024

_____

Before AGEE, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Brian S. Goodman, GOODMAN & DONOHUE, LLC, Owings Mills, Maryland, for Appellant. Margaret Fonshell Ward, DOWNS WARD BENDER HERZOG & KINTIGH, P.A., Hunt Valley, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mitchellville Plaza Bar LP ("Mitchellville") appeals the district court's order denying Mitchellville's motion for summary judgment and granting Hanover American Insurance Company's ("Hanover") cross-motion for summary judgment on Mitchellville's breach of contract and bad faith claims arising from an insurance dispute. Mitchellville's complaint alleged that Hanover wrongfully denied coverage under its insurance policy for commercial property damage caused by turkey vultures to the roof of one of Mitchellville's properties. Hanover denied coverage under an exception in the insurance policy which excluded coverage for damage caused by an "infestation" of birds. For the following reasons, we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party. *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020). "Summary judgment is properly awarded only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). "[T]he relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (internal quotation marks omitted). "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). "Summary judgment is appropriate in breach of contract cases when the contract in question is unambiguous or

2

when an ambiguity can be definitively resolved by reference to extrinsic evidence." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 380 (4th Cir. 2017) (internal quotation marks omitted).

On appeal, Mitchellville concedes that the only disputed issue in its breach of contract claim is whether the "infestation" policy exception applies to bar its claim. Under Pennsylvania law, "[i]ssues of contractual interpretation are questions of law." *Wert v. Manorcare of Carlile PA, LLC*, 124 A.3d 1248, 1259 (Pa. 2015). The primary goal of "contract interpretation is to ascertain the intent of the contracting parties." *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 468 (Pa. 2006). When a contract's language is clear and unambiguous, "the intent of the parties is to be ascertained from the document itself." *Id.* In such circumstances, a contract's language "shall be given its commonly accepted and plain meaning." *TruServ Corp. v. Morgan's Tool & Supply Co.*, 39 A.3d 253, 260 (Pa. 2012). Generally, courts "consult the dictionary definition of a word to determine its ordinary usage." *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006). However, when ambiguity exists, "parol evidence is admissible to explain or clarify or resolve the ambiguity." *Allstate*, 905 A.2d at 468. "While unambiguous contracts are interpreted by the court as a matter of law, ambiguous writings are interpreted by the finder of fact." *Id.* at 469.

"[A] contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction." *State Farm Fire & Cas. Co. v. MacDonald*, 850 A.2d 707, 710 (Pa. Super. Ct. 2004) (internal quotation marks omitted). Rather, a written contract is ambiguous "only when a policy provision is reasonably susceptible of more than

3

one meaning." *Brosovic v. Nationwide Mut. Ins.*, 841 A.2d 1071, 1073 (Pa. Super. Ct. 2004) (internal quotation marks omitted). When considering the intention of the parties in relation to a question of ambiguity, the court must consider the circumstances under which the contract was formed. *Wert*, 124 A.3d at 1259-60. "Any ambiguities shall be construed against the contract drafter." *Id.* at 1260.

Based on these principles, we find that the district court did not err in determining that the vulture presence on Mitchellville's property constituted an "infestation" under a plain and ordinary understanding of this term. Indeed, as the district court found, the various definitions of the term "infestation" commonly characterize an infestation as the persistent, invasive presence of unwanted creatures in a specific area and in a group large enough to be troublesome and destructive. Furthermore, the evidence of the vulture activity at the property, including the eyewitness testimony detailing the substantial bird activity at the property over the course of many months, meets this definition. Accordingly, the district court properly granted summary judgment to Hanover on Mitchellville's breach of contract claim.

As to Mitchellville's bad faith claim, Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371, allows a court to award interest, punitive damages, costs, and attorney's fees on an insurance claim when a plaintiff presents clear and convincing evidence that an insurer "did not have a reasonable basis for denying benefits under the policy" and "knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). This first prong "is an objective inquiry into whether a reasonable insurer would have denied payment of the claim under the facts and

4

circumstances presented." *Id.* at 374.  Under the second prong, "mere negligence is insufficient for a finding of bad faith." *Id.*  And, while "an insurer's motive of self-interest or ill-will [is] potentially probative of the second prong, [it] is not a mandatory prerequisite to bad faith recovery." *Id.* at 377.  "Rather, proof of the insurer's knowledge or reckless disregard for its lack of reasonable basis in denying the claim is sufficient." *Id.*

Hanover based its denial of policy benefits on several reports that, taken together, gave Hanover a reasonable basis for denying coverage, as these reports indicated that substantial, persistent, and troublesome bird activity had caused the relevant damage to the roof of the property.  Accordingly, we conclude that the district court did not err in granting summary judgment to Hanover on this claim.

For these reasons, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*