NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1946
_____

PAUL C. HAINES; KELLY HAINES; RYAN HAINES,

Appellants

v.

STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-08-cv-05715)
District Judge: Hon. Thomas M. Golden

_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed: March 9, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Appellants Paul C. Haines, Kelly Haines, and Ryan Haines ("Haines Family") appeal from summary judgment entered by the U.S. District Court for the Eastern District of Pennsylvania in favor of Appellee State Auto Property and Casualty Insurance Company ("State Auto"). Applying Pennsylvania law, the District Court held that State Auto had no duty to defend or indemnify the Haines Family because the injuries caused by their golf cart striking the Gambles' son were not covered by the insurance policy. We will affirm.[1]

This case is a breach of contract claim against State Auto. State Auto issued a homeowner's insurance policy to the Haines Family. The policy included a "Motor Vehicle Liability" exclusion that excluded coverage for liability caused by any "recreational motor vehicles," which included golf carts, unless they are "used solely to service the residence premises." During the insurance policy period, a golf cart owned by the Haines Family struck the Gambles' son. The Gambles sued the Haines Family on state tort theories.

The Haines Family submitted to State Auto a claim for defense and indemnification from the lawsuit. State Auto initiated an investigation, and found that the golf cart was not "used solely to service the residence premises," and therefore did not trigger coverage under the insurance policy. As a result, State Auto refused to defend or indemnify the Haines Family in the lawsuit.

---

[1] The District Court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting summary judgment. See Spence v. ESAB Grp., Inc., 623 F.3d 212, 216 (3d Cir. 2010).

In response, the Haines Family sued State Auto in the District Court, asserting claims for breach of contract and bad faith. State Auto sought declaratory relief and summary judgment on the basis that it owed no duty to defend or indemnify the Haines Family. The District Court granted summary judgment in State Auto's favor. The Haines Family appeals to this Court.

The Haines Family contends that the District Court erred in granting summary judgment for two reasons: (1) it incorrectly determined that State Auto had no duty to defend or indemnify the Haines Family; and (2) it incorrectly allowed State Auto to rely on extrinsic evidence when it sought declaratory judgment. We determine that the District Court did not err in either instance.

We agree with the District Court that State Auto had no duty to defend the Haines Family. Under Pennsylvania law, "[W]hen a court is deciding whether a duty to defend exists, it must compare the allegations in the complaint with the provisions of the insurance contract . . . ." Unionamerica Ins. Co. v. J.B. Johnson, 806 A.2d 431, 433 (Pa. Super. Ct. 2002). If the court determines that the complaint falls within an exclusion, the burden falls upon the insured to show that an exception to the exclusion applies. See N. Ins. Co. of N.Y. v. Aardvark Assocs., Inc., 942 F.2d 189, 195 (3d Cir. 1991). Here, the allegations in the Gambles' complaint were based on the Haines Family's golf cart striking and injuring their son. The Haines Family's insurance policy had a "Motor Vehicle Liability" exclusion that specifically excluded coverage of golf carts as "recreational motor vehicles." The Haines Family did not dispute that the golf cart was a "recreational motor vehicle." Because the allegations in the Gambles' complaint clearly

3

fell within the policy exclusion, the complaint did not trigger coverage under the policy. We further agree with the District Court that the Haines Family failed to show that the "used solely to service the residence premises" exception applied. Accordingly, there was no duty to defend.

Additionally, State Auto had no duty to indemnify the Haines Family. Because an insurer's duty to defend is separate from, and broader than, the duty to indemnify, if the insurer "does not have a duty to defend [the insured], neither does it have the duty to indemnify." See Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 n.7 (Pa. 2006).

Finally, the District Court did not err in allowing State Auto to rely on evidence it obtained in its investigation of the incident, because the evidence was used to show that no exception to the exclusion applied, and not to support the application of the exclusion. See Air Prods. & Chems., Inc. v. Hartford Accident & Indem. Co., 25 F.3d 177, 180 (3d Cir. 1994) (prohibiting the insurer from introducing evidence to show that an exclusion applied); see also N. Ins. Co. of N.Y., 942 F.2d at 196 (affirming judgment for the insurer because the claims fell within the policy's general exclusion even though the insurer conducted an investigation).

We therefore hold that the District Court properly granted summary judgment in favor of State Auto.

*****

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

4

The judgment of the District Court will be AFFIRMED.