J. A18020/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM O'BRIEN AND | : | IN THE SUPERIOR COURT OF |
| DIANE O'BRIEN, HIS WIFE, AND | : | PENNSYLVANIA |
| CHARLES CATANIA, JR. | : | |
| | : | |
| v. | : | |
| | : | |
| OHIO CASUALTY INSURANCE | : | |
| COMPANY | : | No. 2002 MDA 2015 |
| | : | |
| APPEAL OF: CHARLES CATANIA, JR. | : | |

Appeal from the Order Entered October 14, 2015,
in the Court of Common Pleas of Lackawanna County
Civil Division at No. 2002-06690

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 25, 2016**

Charles Catania, Jr. ("Catania"), appeals from the October 14, 2015 order dismissing his motion for post-trial relief, which requested the trial court to modify its March 12, 2015 order denying the declaratory judgment action filed by William O'Brien and Diane O'Brien (hereinafter, "the O'Briens"), and determining that appellee, Ohio Casualty Insurance Company ("Ohio Casualty"), was not required to either defend or indemnify

---

* Former Justice specially assigned to the Superior Court.

the O'Briens in an accident involving Catania, pursuant to their homeowner's insurance policy. After careful review, we affirm.[1]

The trial court summarized the relevant facts and procedural history of this case as follows:

> According to the parties' filed Joint Stipulation of Facts, this case arises out of an all-terrain vehicle (ATV) accident occurring on July 22, 2001. [Catania] was in attendance at a graduation party at [the O'Briens'] residence. [Catania] was driving an ATV owned by [the O'Briens'] son, Casey O'Brien, when he hit loose gravel, causing the ATV to slide and strike a tree and telephone pole. The ATV finally came to rest in a yard located at 300 Spangenberg Road, Lake Ariel, PA. As a result of the ATV accident, [Catania] suffered serious personal injuries.
>
> [The O'Briens] were issued a renewal homeowners policy regarding their property located at RR #3, Box 468, Lake Ariel, Pennsylvania. Section II, Coverage E of the policy addresses personal liability and coverage for any bodily injury claims brought against an insured. Section II(1)(f)(2) sets forth certain policy exclusions and states that liability coverage does not apply to bodily injury arising out of "[t]he entrustment by an 'insured' of a motor vehicle or any other motorized land conveyance to any person." *Id.*[] at 13. Subsequent language provides this policy exclusion does not apply to:
>
> (2)     a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:

---

[1] On March 16, 2016, the O'Briens filed a letter with this court indicating that they will not be filing a separate brief in this matter and "respectfully adopt" Catania's brief as their own.

> > (a)    not owned by an "insured"; or
> >
> > (b)    owned by an "insured" and on an "insured location".
>
> ***Id.***[] at 14. [Ohio Casualty] made an internal determination that there should be no liability coverage nor duty to defend under the policy due to the aforementioned exclusion.

Trial court opinion, 10/14/15 at 1-2 (heading omitted; citations in original).

On August 6, 2001, Catania filed a complaint against the O'Briens seeking damages for injuries he sustained as a result of this accident. On December 20, 2002, the O'Briens filed an action for declaratory judgment, which sought a declaration that Ohio Casualty owed duties to defend and indemnify the O'Briens pursuant to their insurance policy. On November 21, 2003, the O'Briens filed a motion for summary judgment. On May 27, 2004, the trial court denied the O'Briens' motion because issues of material fact existed as to whether the accident occurred on an "insured location." On February 21, 2006, Catania filed a "Petition for Leave of Court to Intervene." Following a hearing, the trial court ultimately granted Catania's petition to intervene on July 30, 2009.

Thereafter, on July 11, 2012, Ohio Casualty filed a motion for summary judgment, which was denied by the trial court on September 3, 2012. The trial court heard argument on the O'Briens' declaratory judgment action on February 18, 2015. On March 12, 2015, the trial court filed a

memorandum and order dismissing the O'Briens' declaratory judgment action. The March 12, 2015 order further stated as follows:

> [I]t is declared that the location of the ATV accident cannot meet the policy definition of an "insured location" under the policy of insurance. Therefore, [the O'Briens] lack insurance coverage and [Ohio Casualty] is not required to either defend nor [sic] indemnify the O'Briens pursuant to their policy of insurance.

Trial court order, 3/12/15 at ¶ 2.

On April 9, 2015, Catania filed a notice of appeal from the March 12, 2015 order. On May 12, 2015, this court issued a *per curiam* order finding that Catania failed to file post-trial motions, in accordance with Pa.R.C.P. 227.1, and directing him to show cause as to why his appeal should not be dismissed. (*Per curiam* order, 5/12/15.) Thereafter, on May 18, 2015, Catania filed a motion for post-trial relief while his appeal was still pending. On June 3, 2015, this court filed a *per curiam* order dismissing Catania's appeal "without prejudice to be refiled after disposition of the post-trial motions." (*Per curiam* order, 6/3/15 at ¶ 3.) The trial court heard oral argument on Catania's motion for post-trial relief on August 25, 2015. On October 14, 2015, the trial court filed a memorandum and order dismissing Catania's motion. This timely appeal followed on November 10, 2015.[2]

---

[2] The trial court did not order Catania to file a statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

On appeal, Catania raises the following issues for our review:

1. Whether declaratory judgment should be granted in favor of [the O'Briens] and [Catania], when the insurance policy between [the O'Briens] and [Ohio Casualty] created a duty for Ohio Casualty to defend and indemnify the O'Briens and provide homeowners' insurance coverage for an ATV accident involving [Catania], when: 1) the policy provides for insurance coverage for bodily injury that occurs on an "insured location;" 2) an "insured location" is defined under the policy as "any premises used in connection" with a "residence premises;" 3) the location of the Catania ATV accident was on a township road; and 4) the public road was alongside or near to the O'Brien[s'] residence premises and the O'Briens made continuous or repeated exercise of the township road?

2. Whether a township road is an "insured location" and "any premises used in connection" with a "residence premises" under the terms of the insurance policy issued to the O'Briens by Ohio Casualty given the use of the township road by the O'Briens near their home and the facts of Catania's ATV accident?

3. Whether Ohio Casualty is required to defend and indemnify the O'Briens pursuant to the policy of insurance issued to the O'Briens for the Catania ATV accident?

Appellant's brief at 5-6.

"Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law. We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence."

***National Cas. Co. v. Kinney***, 90 A.3d 747, 753 (Pa.Super. 2014) (citation omitted). "[W]e will review the decision of the [trial] court as we would a decree in equity and set aside the factual conclusions of that court only where they are not supported by adequate evidence." ***Erie Ins. Group v. Catania***, 95 A.3d 320, 322 (Pa.Super. 2014), ***appeal denied***, 104 A.3d 4 (Pa. 2014) (citations omitted). "However, when reviewing an issue of law in a declaratory judgment action, our scope of review is plenary and our standard of review is ***de novo***." ***Nationwide Mutual Ins. Co. v. Catalini***, 18 A.3d 1206, 1209 (Pa.Super. 2011) (citation omitted).

> The task of interpreting [an insurance] contract is generally performed by a court rather than by a jury. The purpose of that task is to ascertain the intent of the parties as manifested by the terms used in the written insurance policy. When the language of the policy is clear and unambiguous, a court is required to give effect to that language. When a provision in a policy is ambiguous, however, the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. Finally, [i]n determining what the parties intended by their contract, the law must look to what they clearly expressed. Courts in interpreting a contract, do not assume that its language was chosen carelessly. Thus, we will not consider merely individual terms utilized in the insurance contract, but the entire insurance provision to ascertain the intent of the parties.

***Erie Ins. Exch. v. E.L.***, 941 A.2d 1270, 1273 (Pa.Super. 2008), ***appeal denied***, 956 A.2d 435 (Pa. 2008) (citations omitted).

In the instant matter, the trial court authored two comprehensive opinions wherein it set forth its rationale for denying the O'Briens' declaratory judgment action and dismissing Catania's motion for post-trial relief. (**See** trial court opinion, 3/12/15; trial court opinion, 10/14/15.) Following our careful review of the record, including the briefs of the parties and the applicable case law, it is our determination that there is no merit to the issues Catania raises on appeal. Specifically, we agree with the trial court that the location of the ATV accident in question did not fall within the definition of an "insured location" under the O'Briens' insurance policy with Ohio Casualty. (**See** trial court opinion, 3/12/15 at 7-8; trial court order, 3/12/15 at ¶ 2; trial court opinion, 10/14/15 at 6-7.) Contrary to Catania's claim, the record further reveals that the rationale set forth in the **Haines**[3] and **Gardner**[4] decisions, although not binding on this court, was applicable to the instant matter. (**See** trial court opinion and order, 3/12/15 at 7-8; trial court opinion and order, 10/14/15 at 6-7.) Additionally, we agree with the trial court's interpretation of the term "use," as defined in **State Farm Fire & Cas. Co. v. MacDonald**, 850 A.2d 707, 711 (Pa.Super. 2004), **appeal denied**, 863 A.2d 1148 (Pa. 2004). Specifically, the trial court stated as follows:

---

[3] **Haines v. State Auto Prop. & Cas. Ins. Co.**, 2010 WL 1257982 (E.D. Pa. 2010), **affirmed**, 417 Fed. Appx. 151 (3d.Cir.Pa. 2011).

[4] **Nationwide Mut. Ins. Co. v. Gardner**, 79 Pa. D.&C. 4th 150 (Pa.Com.Pl., Huntingdon County 2006), **affirmed**, 928 A.2d 1135 (Pa.Super. 2007).

> [A]ccording to the plain meaning of use, as interpreted in **MacDonald**, [the O'Briens] did not repeatedly or customarily use either a private road nor [sic] the private property where [Catania's] accident concluded. [The O'Briens] admit to never having been at the precise location of the ATV accident. Additionally, Casey O'Brien admits to only riding his ATV on Lake Spangenberg Road once or twice. Arguably, this would not meet the definition of "use" contained in the homeowner's insurance policy, nor interpreted in **Haines**, because Lake Spangenberg Road is a public thoroughfare.

Trial court opinion, 10/14/15 at 8, quoting trial court opinion, 3/12/15 at 8-9.

We further note that the trial court devotes a portion of its October 14, 2015 opinion to addressing Ohio Casualty's claim that Catania's motion for post-trial relief was untimely under Pa.R.C.P. 227.1. (**See** trial court opinion, 10/14/15 at 5-6.) Read in relevant part, Rule 227.1 provides as follows:

> (c) Post-trial motions shall be filed within ten days after
>
> . . . .
>
> (2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

Pa.R.C.P. 227.1(c)(2).

This court has recognized, however, that "[a] trial court is free to either dismiss an untimely post-trial motion or ignore the motion's untimeliness and consider it on its merits." **Ferguson v. Morton**, 84 A.3d

715, 718 n.4 (Pa.Super. 2013), **_appeal denied_**, 97 A.3d 745 (Pa. 2014) (citations omitted).[5]

Instantly, the trial court found that Catania's motion for post-trial relief was untimely because it was filed 57 days after its March 12, 2015 order denying the declaratory judgment action, but rejected Ohio Casualty's allegation of prejudice and elected to address Catania's motion on the aforementioned substantive grounds. (**_See_** trial court opinion, 10/14/15 at 6, citing Pa.R.C.P. 277.1(c).) As noted, we agree with the trial court that Catania's substantive arguments warrant no relief.

Accordingly, we find that the trial court's March 12 and October 14, 2015 opinions comprehensively discuss and properly dispose of Catania's issues. We, therefore, adopt the trial court's opinions as our own for purposes of further appellate review.

---

[5] We note that although the trial court acted within its authority in choosing to address Catania's untimely post-trial motion on its merits, the filing of an untimely post-trial motion does not toll the 30-day period within which to file a timely appeal. **_See Vietri ex rel. Vietri v. Delaware Valley High Sch._**, 63 A.3d 1281, 1288 (Pa.Super. 2013) (stating, "a post-trial motion that is infirm—whether for untimeliness or other reasons—does not toll the time for appeal."). But for this court's **_per curiam_** order dismissing Catania's appeal "without prejudice to be refiled after disposition of the post-trial motions,"

J. A18020/16

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2016

---

his instant appeal would be deemed untimely.  (***See Per curiam*** order, 6/3/15 at ¶ 3.)

- 10 -

WILLIAM O'BRIEN and DIANE : IN THE COURT OF COMMON PLEAS
O'BRIEN, his wife and CHARLES,: OF LACKAWANNA COUNTY
CATANIA, JR.
        **Plaintiffs** :

               :    **CIVIL ACTION – LAW**

    vs.          :

               :

**OHIO CASUALTY INSURANCE** :
**COMPANY**
         :

        **Defendant**     :    **2002 CV 6690**

---

## MEMORANDUM AND ORDER

**MINORA, J.**

### I.  INTRODUCTION

Before the Court is the Declaratory Judgment Action of William O'Brien, Diane

O'Brien and Charles Catania, Jr., which was filed on December 20, 2002 with oral

argument held on February 18, 2015. William and Diane O'Brien (hereinafter

"Plaintiffs O'Brien") filed a Declaratory Judgment action Complaint, pursuant to

Pennsylvania's Declaratory Judgments Act, 42 Pa.C.S.A. § 7531, seeking declaration

that Ohio Casualty Insurance Company (hereinafter "Defendant") owed duties to both

defend and indemnify Plaintiffs O'Brien pursuant to a property and casualty policy of

insurance.

On May 13, 2003, Defendant filed an Answer and New Matter to Plaintiffs

O'Brien's Complaint for Declaratory Judgment. On November 21, 2003 Plaintiffs

O'Brien filed a Motion for Summary Judgment. On May 27, 2004 the Honorable Judge

Terrence R. Nealon issued a Memorandum and Order denying Plaintiffs O'Brien's

Motion for Summary Judgment on the ground that issues of fact existed as to whether

1

the accident occurred on an insured location. On February 21, 2006 Charles Catania, Jr. (herein after "Plaintiff Catania") filed a Petition for Leave of Court to Intervene. Defendant filed its Answer to Plaintiff Catania's Petition to Intervene on March 10, 2006 and its brief in opposition on March 22, 2006. A hearing on this matter was held on March 28, 2006, and on December 9, 2008 this Court conditionally granted Plaintiff Catania's Petition to Intervene. The condition required Plaintiff Catania to amend his Petition to cure its technical defect by including a statement of relief sought and attaching the pleading that he intended to file if allowed to intervene. On July 30, 2009, the Honorable Judge Harold A. Thomson, Jr., S.J., granted Plaintiff Catania's Petition to Intervene.

On July 11, 2012, Defendant Ohio filed a Motion for Summary Judgment. On September 3, 2012 the Honorable Judge Harold A. Thomson, Jr., S.J., denied Defendant's Motion for Summary Judgment on the ground that genuine issues of material fact existed, necessitating determination from a trial by jury, making Summary Judgment inappropriate.

According to the parties' filed Joint Stipulation of Facts, this case arises out of an all-terrain vehicle (ATV) accident occurring on July 22, 2001. Plaintiff Catania was in attendance at a graduation party at Plaintiffs O'Brien's residence. *See* Joint Stipulation of Facts Regarding Declaratory Judgment Action, at Fact Number 5. Plaintiff Catania was driving an ATV owned by Plaintiffs' son, Casey O'Brien, when he hit loose gravel, causing the ATV to slide and strike a tree and a telephone pole. *Id.*, at Fact Number 6, 14, 21. The ATV finally came to a rest in a yard located at 300 Lake

2

Spangenberg Road, Lake Ariel, PA. *Id.*, at Fact Number 21. As a result of the ATV accident, Plaintiff Catania suffered serious personal injuries. *Id.*, at Fact Number 6.

Plaintiffs O'Brien were issued a renewal homeowners policy from Defendant regarding their property located at RR #3, Box 468, Lake Ariel, Pennsylvania. The policy of insurance was for the period of June 3, 2001 to June 30, 2002. *See* Policy and Declaration Pages attached as Exhibit "C" to Declaratory Judgment Action. Section II, Coverage E of the policy addresses personal liability and coverage for any bodily injury claims brought against an insured. Section II (1) (f) (2) sets forth certain policy exclusions and states that liability coverage does not apply to bodily injury arising out of "[t]he entrustment by an 'insured' of a motor vehicle or any other motorized land conveyance to any person." *Id.*, at 13. Subsequent language provides this policy exclusion does not apply to:

> (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
>     (a) not owned by an 'insured'; or
>     (b) owned by an 'insured' and on an 'insured location'.

*Id.*, at 14. Defendant made an internal determination that there should be no liability coverage nor duty to defend under the policy due to the aforementioned exclusion. Defendant argues that the accident, which occurred off the O'Brien's property, did not occur on an insured location.

The policy defines "insured location" as:

> a. The 'residence premises':
> b. The part of other premises, other structures and grounds used by you as a residence and;
>     (1) Which is shown in the Declarations or
>     (2) Which is acquired by you during the policy period for your use as a residence;
> c. Any premises used by you in connection with a premises in 4.a. and 4.b. above;

3

d.  Any part of a premises:
    (1) Not owned by an 'insured'; and
    (2) Where an 'insured' is temporarily residing;
e.  Vacant land, other than farm land, owned by or rented to an 'insured';
f.  Land owned by or rented to an 'insured' on which a one or two family dwelling is being built as a residence for an 'insured';
g.  Individual or family cemetery plots or burial vaults of an 'insured or
h.  Any part of a premises occasionally rented to an 'insured' for other than 'business' use.

*Id.*, at 1. All Plaintiffs argue that their use of the area in which the accident occurred constitutes as an insured location due to their regular and undisputed use of the accident location.

All Plaintiffs contend that Defendant has a duty to defend Plaintiffs O'Brien in this action brought against them, a duty to bear all costs of such defense and a duty to reimburse Plaintiffs O'Brien for all of their costs and legal fees incurred. Furthermore, all Plaintiffs seek a declaration that, pursuant to the express and implied terms of the policy, Defendant is required to defend the above mentioned action on behalf of Plaintiffs O'Brien.

## II. ISSUE

1.  Does the Defendant owe a duty to defend and indemnify Plaintiffs O'Brien pursuant to their policy of insurance?

## III. DISCUSSION

Both the duty to defend and the duty to indemnify may be resolved in a declaratory judgment action. American Nat. Property and Cas. Companies v. Hearn, 93 A.3d 880, 884 (Pa. Super. 2014). Both duties flow from a determination that the complaint triggers coverage. *Id.* "We focus primarily on the duty to defend because it

4

is broader than the duty to indemnify." *Id.* Therefore, "if an insurer does not have a duty to defend, it does not have a duty to indemnify." *Id.*

An insurer's obligation to defend does not arise every time an insured is sued. The Philadelphia Contributionship Insurance Co. v. Shapiro, 798 A.2d 781, 786 (Pa. Super. 2002). Instead, an insurer need only defend an insured in a claim "when the underlying lawsuit falls within the coverage of the policy." *Id.* "The duty to defend only lasts until such time as the claim is confined to a recovery that the policy does not cover." Haines v. State Auto Prop. And Cas. Ins. Co., 2010 WL 1257982, 3 (E.D. Pa. 2010) *aff'd* 417 Fed. Appx. 151 (3d. Pa. 2011). In attempting to interpret the language of an insurance policy, the goal is to ascertain the intent of the parties as manifested by the language of the written insurance agreement. Matcon Diamond, Inc. v. Penn Nat. Ins. Co., 815 A.2d 1109, 1112 (Pa. Super. 2003).

When interpreting an insurance contract:

[W]ords that are clear and unambiguous must be given their plain and ordinary meaning. Where ambiguities are found, they must be construed in the light most favorable to the insured. However, a contract is not rendered ambiguous by the mere fact that the parties do not agree upon the proper construction. An ambiguity exists only when a policy provision is reasonably susceptible of more than one meaning. Courts should read policy provisions to avoid ambiguities, if possible, and not torture language to create them.

State Farm Fire & Cas. Co. v. MacDonald, 850 A.2d 707, 710-11 (Pa. Super. 2004); Tenos v. State Farm Ins. Co., 716 A.2d 626, 628-29 (Pa. Super. 1998). The Court in MacDonald defined the terms "use" and "in connection with" by their plain and ordinary meanings because, as in this case, the policy failed to define the terms. MacDonald , 850 A.2d at 711. As defined in MacDonald:

5

'use' means 'continued or repeated exercise or employment,' or 'habitual or customary practice.' 'Connection' means 'the act of connecting: a coming into or being put in contact,' and 'with' is defined as 'alongside of: near to.' *Id.* (citations omitted).

In the case at hand, there are several material facts that are undisputed:

(1) Defendant Ohio made an internal determination that there would be no coverage or duty to defend due to the exclusion contained in Section II, Coverage E of the policy.

(2) By way of Memorandum and Order, the Honorable Judge Nealon issued a decision determining the ATV is not subject to motor vehicle registration, that the ATV was owned by an insured, and that since the ATV was owned by an insured, the only possible basis for a duty to defend would be Section 2(b) of the policy which provides coverage for a motorized land conveyance owned by an insured and on an insured location.

(3) The only definition of insured location that would be applicable to this matter would be Section (c) which states "any premises used by you in connection with a premises in 4.a and 4.b above."

(4) The accident "occurred at or near the corner of Hitchcock and Lake Spangenberg Road." Lake Spangenberg Road was a township road and was not posted for ATVs or snowmobiles.

(5) Plaintiff O'Briens' house is a quarter mile from the location of the accident, and "[t]o get from the O'Briens' residence to the location of the accident you had to walk past four [(4)] or five [(5)] other properties."

(6) The tree Plaintiff Catania struck was located in a homeowners' yard located at 300 Lake Spangenberg Road, Lake Ariel, PA, owned by John Norcross.

6

(7) With regard to the real property where the accident occurred, Plaintiffs O'Brien had never lived or been at the property.

(8) Casey O'Brien would normally drive the ATV behind his house on a path in the woods; "[He] may have driven the ATV on Lake Spangenberg Road once or twice."

(9) "When [Plaintiffs O'Brien] would exit their driveway in a motor vehicle, ninety-five percent (95%) of the time they would take a right onto Lake Spangenberg Road and drive past the area of the accident."

*See* Joint Stipulation of Facts Regarding Declaratory Judgment Action.

Plaintiffs rely on the MacDonald decision. In that decision, the Superior Court *supra* found the insured used an adjacent field in connection with his residence premises. MacDonald, 850 A.2d at 711. The plain meaning of the term "insured location" contained in his homeowner's insurance policy required the insurance company to defend his claim. *Id.* However, in MacDonald the facts revealed the insured rode his ATV frequently in the adjacent field where the accident took place. *Id.*, at 708. In the present case, Casey O'Brien only rode his ATV on Lake Spangenberg Road once or twice. *See* Joint Stipulation of Facts Regarding Declaratory Judgment Action, at Fact Number 31. Furthermore, Plaintiffs O'Brien had never been on nor resided on the property where Plaintiff Catania struck the tree resulting in the personal injuries. *Id.*, at Fact Number 29.

This case is almost identical to the Haines case, where the United States District Court for the Eastern District of Pennsylvania found the definition of "insured location" in the policy did not encompass a publicly maintained road, and the insurance company

7

did not owe its insureds a duty to defend under their homeowners' policy. Haines, 2010 WL 1257982, at 7. While Haines is not binding on our Court, we find its uncanny similarities to our case render it persuasive in our decision. In Haines, the insureds' golf cart was involved in an accident while being driven by the insureds' son's friend on a public alleyway located behind the insureds' home. *Id.*, at 2. The policy exclusion and the definition of an insured location are identical to those contained in Plaintiff O'Brien's policy. The Haines Court "concluded that the term 'a premises you use,' **although broad enough to include a private road, [is] not broad enough to encompass a public thoroughfare.**" *Id.*, at 6. In the present case, while Plaintiffs O'Brien utilize Lake Spangenberg Road ninety-five percent (95%) of the time they exit their property, **the road is maintained by Jefferson township**. The policy term "premises you use" cannot extend to coverage on a public road. Furthermore, the Huntingdon County 05-51 court in Gardner concluded "[w]e cannot and will not conclude that the language of the exception is sufficiently broad to encompass public roads, particularly since the legislature has ordained it unlawful to operate an ATV on public roads not designated and posted as an ATV road." *See* Nationwide Mut. Ins. Co. v. Gardner, 79 Pa. D. & C. 4th 150, at 163 (where the court denied insurance coverage for an ATV accident holding the definition of insured location in the homeoowner's insurance policy was not broad enough to include a public road.) While not binding, We find its reasoning to be persuasive.

Plaintiffs O'Brien argue that their frequent use of Lake Spangenberg Road for ingress and egress from their property constitutes as use in connection with their premises. However, according to the plain meaning of use, as interpreted in

8

MacDonald, Plaintiffs O'Brien did not repeatedly or customarily use either a private road nor the private property where the accident concluded. Plaintiffs O'Brien admit to never having been at the precise location of the ATV accident. Additionally, Casey O'Brien admits to only riding his ATV on Lake Spangenberg Road once or twice. Arguably, this would not meet the definition of "use" contained in the homeowner's insurance policy, nor as interpreted in Haines, because Lake Spangenberg Road is a public thoroughfare.

Accordingly, applying the law to those undisputed facts requires us to deny Plaintiffs' Declaratory Judgment Action.

An appropriate Order follows.

9

| | |
|---|---|
| WILLIAM O'BRIEN and DIANE PLEAS O'BRIEN, his wife and CHARLES, CATANIA, JR. | : IN THE COURT OF COMMON |
| | : OF LACKAWANNA COUNTY |
| | : |
| Plaintiffs | : |
| | : CIVIL ACTION – LAW |
| vs. | : |
| | : |
| OHIO CASUALTY INSURANCE COMPANY | : |
| | : |
| Defendant | : 2002 CV 6690 |

## ORDER

**AND NOW TO WIT**, this __12th__ day of March, 2015, upon due consideration of the Declaratory Judgment Action, responsive pleadings and briefs and the able verbal and written arguments of counsel and in accordance with the foregoing Memorandum, it is hereby **ORDERED** and **DECREED** that said Declaratory Judgment Action is **DENIED**.

That being so, it is declared that the location of the ATV accident cannot meet the policy definition of an "insured location" under the policy of insurance. Therefore, William and Diane O'Brien lack insurance coverage and Ohio Casualty Insurance Company is not required to either defend nor indemnify the O'Briens pursuant to their policy of insurance.

BY THE COURT:

_____, J.

10

WILLIAM O'BRIEN and DIANE : IN THE COURT OF COMMON PLEAS
O'BRIEN, his wife and CHARLES: OF LACKAWANNA COUNTY
CATANIA, JR.

   Plaintiffs  :

        :  CIVIL ACTION – LAW

  vs.     :

        :

OHIO CASUALTY INSURANCE :
COMPANY     :

   Defendant  :  2002 CV 6690

---

## MEMORANDUM & ORDER

MINORA, J.

### INTRODUCTION

Before the Court is Plaintiff Charles Catania, Jr.'s (hereinafter "Plaintiff Catania") Motion for Post-Trial Relief regarding the March 12, 2015 Memorandum and Order of this Honorable Court. For the reasons that follow, Plaintiff Catania's Motion is dismissed as without merit.

### FACTUAL & PROCEDURAL HISTORY

According to the parties' filed Joint Stipulation of Facts, this case arises out of an all-terrain vehicle (ATV) accident occurring on July 22, 2001. Plaintiff Catania was in attendance at a graduation party at Plaintiffs O'Brien's residence. *See* Joint Stipulation of Facts Regarding Declaratory Judgment Action, at Fact Number 5. Plaintiff Catania was driving an ATV owned by Plaintiffs' son, Casey O'Brien, when he hit loose gravel, causing the ATV to slide and strike a tree and a telephone pole. *Id.*, at Fact Number 6, 14, 21. The ATV finally came to a rest in a yard located at 300 Lake Spangenberg Road, Lake Ariel, PA. *Id.*, at Fact Number 21. As a result of the ATV accident, Plaintiff Catania suffered serious personal injuries. *Id.*, at Fact Number 6.

1

Plaintiffs O'Brien were issued a renewal homeowners policy from Defendant regarding their property located at RR #3, Box 468, Lake Ariel, Pennsylvania. *See* Policy and Declaration Pages attached as Exhibit "C" to Declaratory Judgment Action. Section II, Coverage E of the policy addresses personal liability and coverage for any bodily injury claims brought against an insured. Section II (1) (f) (2) sets forth certain policy exclusions and states that liability coverage does not apply to bodily injury arising out of "[t]he entrustment by an 'insured' of a motor vehicle or any other motorized land conveyance to any person." *Id.*, at 13. Subsequent language provides this policy exclusion does not apply to:

> (2) a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
> (a) not owned by an 'insured'; or
> (b) owned by an 'insured' and on an 'insured location'.

*Id.*, at 14. Defendant made an internal determination that there should be no liability coverage nor duty to defend under the policy due to the aforementioned exclusion.

Plaintiffs O'Brien filed a Declaratory Judgment action Complaint, pursuant to Pennsylvania's Declaratory Judgments Act, 42 Pa.C.S.A. § 7531, seeking declaration that Ohio Casualty Insurance Company (hereinafter "Defendant") owed duties to both defend and indemnify Plaintiffs O'Brien pursuant to a property and casualty policy of insurance. Plaintiffs O'Brien moved for Summary Judgment, and that motion was denied. On February 21, 2006, Plaintiff Catania filed a Petition for Leave of Court to Intervene, which was ultimately granted.

On July 11, 2012, Defendant Ohio filed a Motion for Summary Judgment, and that Motion was denied. This Honorable Court heard argument on the Declaratory Judgment action on February 18, 2015. On March 12, 2015, the Court issued a

2

Memorandum and Order holding that the location of the ATV accident cannot meet the policy definition of an "insured location" under the policy of insurance. Therefore, the Court found that Plaintiffs O'Brien lacked insurance coverage and Defendant was not required to either defend nor indemnify Plaintiffs O'Brien pursuant to their policy of insurance.

On April 9, 2015, Plaintiff Catania filed with this Court a Notice of Appeal from the March 12, 2015 Order and Memorandum. While Plaintiff Catania's Appeal was pending with the Superior Court of Pennsylvania, Plaintiff Catania filed the current Motion for Post-Trial Relief on May 18, 2015. On July 14, 2015, the Superior Court of Pennsylvania issued an Order finding that Plaintiff Catania did not file post-trial motions, pursuant to Pa.R.C.P. 227.1, until after he filed his notice of appeal. Therefore, the appeal was dismissed without prejudice to be refilled after disposition of the Post-Trial Motion.

On July 17, 2015, Defendant filed its Brief in Opposition to Plaintiff Catania's Motion for Post-Trial Relief. On that same day, Defendant also filed Objections and a Motion to Strike Plaintiff Catania's Motion for Post-Trial Relief due to untimeliness and prejudice. Oral argument for Plaintiff Catania's Motion for Post-Trial Relief was held on August 25, 2015, and this matter is therefore ripe for disposition.

## ARUGMENTS OF THE PARTIES

Plaintiff Catania's Argument

Pursuant to Pa.R.C.P. 227.1(a)(1)-(5), Plaintiff Catania moves for an Order entering judgment in all Plaintiffs' favor, or in the alternative, an Order modifying or changing the March 12, 2015 Order. *See* Plaintiff-Intervenor Charles Catania, Jr.'s

3

Brief in Support of His Motion for Post-Trial Relief, at 2. Plaintiff Catania argues that this Court "read into the insurance policy a limitation based on a distinction between public roads and private roads and narrowed the policy to require use by a specific type of vehicle when the plain meaning of the insurance policy and the word 'any' in the policy does not specify that the location of the accident be on private property." *Id.* Specifically, Plaintiff Catania argues that the Court erred in relying on Haines v. State Auto Prop. and Cas. Ins. Co., 2010 WL 1257982 (E.D. Pa. 2010), *aff'd* 417 Fed. Appx. 151 (3d. Pa. 2011) and Nationwide Mut. Ins. Co. v. Gardner, 79 Pa. D. & C. 4th 150 (Huntington Co. Ct. Comm. Pl., 2006). *Id.* Furthermore, Plaintiff Catania contends that the Court erred in requiring that for the coverage test articulated in State Farm Fire & Cas. Co. v. MacDonald, 850 A.2d 707 (Pa. Super. 2004) to apply to premises "used in connection" with an "insured location" requires that a party show the insured regularly used the specific type of vehicle involved in the accident on the premises to trigger coverage, here the ATV involved in the accident. *Id.*, at 2-3.

Defendant's Argument

In response, Defendant argues that Plaintiff Catania's Motion for Post-Trial Relief should be striken/quashed as it was not filed in accordance with Pa. R.C.P. 227.1(c)(2). *See* Defendant West American Insurance Company, Improperly Named and Identified as Ohio Casualty Insurance Company's Brief in Opposition to Catania's Untimely Motion for Post-Trial Relief, at 3. Specifically, Defendant contends that Plaintiff Catania's Motion "was filed fifty-seven (57) days after entry of the Order in this case and … is prejudicial to the … Defendant." *Id.* Next, Defendant argues that Plaintiff's untimely Motion should be denied because this Court correctly and properly

4

relied on <u>Haines</u>, *supra*, and <u>Gardner</u>, *supra*, in finding that the definition of "insured location" is not broad enough to include a public roadway. *Id.*, at 6.

## DISCUSSION

The filing and disposition of Plaintiffs' Post-Trial Motion is governed by Pa.R.C.P. 227.1 entitled "Post-Trial Relief." Pursuant to Pa.R.C.P. 227.1(c), post-trial motions shall be filed within ten days after the verdict. The rule permits the court to, *inter alia*, order a new trial as to all or any of the issues. Pa.R.C.P. 227.1(a). "The purpose of post-trial motions is to give the trial court an opportunity to review and reconsider its earlier rulings and correct its own errors that may have occurred at the trial court level before an appeal is taken." <u>Lahr v. City of York</u>, 972 A.2d 41, 47 (Pa. Commw. Ct. 2009). "[W]henever a party files post-trial motions at a time when the trial [C]ourt has jurisdiction over the matter but outside the 10–day statutory requirement the trial court must consider the fault of the party filing late and the prejudice to the opposing party." <u>D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.</u>, 71 A.3d 915, 920 (Pa. Super. 2013), *quoting* <u>Watkins v. Watkins</u>, 775 A.2d 841, 845 (Pa. Super. 2001). "The trial [C]ourt has broad discretion to dismiss an untimely posttrial motion or to overlook its untimeliness." <u>Ferguson v. Morton</u>, 84 A.3d 715, West Headnote 1 (Pa. Super. 2013); *See also* Pa.R.C.P. 126 (Which states that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.").

5

This Court entered a Memorandum and Order denying all Plaintiffs' Declaratory Judgment Action on March 12, 2015. Following the denial of Plaintiffs' Declaratory Judgment Action, Plaintiff Catania filed a Notice of Appeal with the Superior Court of Pennsylvania on or about April 9, 2015. The record reflects that at the time of the filing of the Notice of Appeal, Plaintiff Catania did not file any post-trial motions pursuant to Pa. R.C.P. 227.1. The Superior Court of Pennsylvania dismissed Plaintiff Catania's appeal on June 3, 2015. Plaintiff Catania did not file the current Motion for Post-Trial Relief until May 18, 2015, fifty-seven (57) days after this Court's Memorandum and Order. Pa.R.C.P. 227.1 requires post-trial motions to be filed within ten (10) days of the verdict. We find that Plaintiff Catania's Motion for Post-Trial Relief is untimely. Despite this untimeliness, the Defendant's bold assertion of prejudice, without more, doesn't make it to be the case. For this reason, in the interest of thoroughness, we will review the substantive arguments in Plaintiff Catania's Motion for Post-Trial Relief.

Plaintiff Catania contends that this Court should modify or change the March 12, 2015 Decision because the Court read a limitation into Plaintiff O'Brien's insurance policy based upon a distinction between public and private roads, and further narrowed the policy to require use by a specific type of vehicle when the plain meaning of the policy and the word "any" in the policy does not specify that the location of the accident be on private property. *See* Plaintiff Catania's Brief, at 2. First, Plaintiff Catania argues that Haines, *supra,* is distinguishable. However, Plaintiff Catania fails to develop that argument. Instead, Plaintiff Catania states the following:

> [a] plain reading of the insurance policy language drafted by the defendant in Haines shows that there is no requirement that a premises 'used in connection' with an 'insured location' be on private property or a private road. Similarly, a plain reading of the insurance policy drafted by Defendant in this case imposes

6

no requirement that the 'used in connection' premises be on private property or a private road.

*See* Plaintiff Catania's Brief, at 4. Still, Plaintiff Catania argues that "[h]ad Defendant wanted to narrow the definition of an 'insured location,' it could do so with the proper exclusionary language; rather it chose to use the broad phrase 'any premises.'" *Id.*

Next, Plaintiff Catania argues Gardner, *supra*, is also distinguishable because unlike the policy in this case, "the policy in Gardner does not include the modifier 'any,' which the Third Circuit Court of Appeals found so significant in Allstate Ins. Co. v. Drumheller, 185 Fed. Appx. 152 (3d Cir. 2006)." *Id.*, at 5. In Drumheller, the United States Court of Appeals, Third Circuit, did make a distinction regarding the use of the term 'any premises.' Drumheller, 185 Fed. Appx. at 161 (emphasis added). However, this distinction was made in finding that "'[a]ny premises used by an insured person in connection with the residence premises,' is not restricted to premises in which the insured has a legal interest." *Id.* While the Drumheller Court found that the term "any premises" does not require an insured to have a legal interest in the said premises, it still applied the analysis contained in MacDonald, *supra*.

In his last argument, Plaintiff Catania contends that this Court improperly distinguished MacDonald, *supra*, because "[t]here is nothing in the policy language or the cases cited by Defendant that require the location to be repeatedly used by a specific type of motor vehicle." *See* Plaintiff Catania's Brief, at 6. Specifically, Plaintiff Catania contends "whether the ATV was used on that location once, twice, or a thousand times is immaterial to whether the accident occurred at a spot used 'in connection with' the insured location."

We cannot accept Plaintiff Catania's arguments. In <u>MacDonald</u>, 850 A.2d at 711, the Superior Court of Pennsylvania defined use in connection with as follows:

> 'use' means 'continued or repeated exercise or employment,' or 'habitual or customary practice.' 'Connection' means 'the act of connecting: a coming into or being put in contact,' and 'with' is defined as 'alongside of: near to.'

Furthermore, both the <u>Haines</u>, *supra*, and <u>Gardner</u>, *supra*, courts concluded that the term "a premises you use," although broad enough to include a private road, is not broad enough to encompass a public thoroughfare. We stand by the holding in our March 12, 2015 Decision, in which we explained:

> according to the plain meaning of use, as interpreted in <u>MacDonald</u>, Plaintiffs O'Brien did not repeatedly or customarily use either a private road nor the private property where the accident concluded. Plaintiffs O'Brien admit to never having been at the precise location of the ATV accident. Additionally, Casey O'Brien admits to only riding his ATV on Lake Spangenberg Road once or twice. Arguably, this would not meet the definition of "use" contained in the homeowner's insurance policy, nor as interpreted in <u>Haines</u>, because Lake Spangenberg Road is a public thoroughfare.

*See* Memorandum and Order dated March 12, 2015, at 8-9.

Plaintiff Catania's Motion for Post-Trial Relief requesting this Court to modify or change its March 12, 2015 Decision is dismissed on substance. Furthermore, as reviewed in substance, Plaintiff Catania's Motion for Post-Trial Relief is without merit. An appropriate Order follows.

8

| WILLIAM O'BRIEN and DIANE | : IN THE COURT OF COMMON PLEAS |
| O'BRIEN, his wife and CHARLES | : OF LACKAWANNA COUNTY |
| CATANIA, JR. | : |
| Plaintiffs | : |
| | : CIVIL ACTION – LAW |
| vs. | : |
| | : |
| OHIO CASUALTY INSURANCE | : |
| COMPANY | : |
| Defendant | : 2002 CV 6690 |

## ORDER

**AND NOW TO WIT**, this _14th_ day of October, 2015, upon due consideration of Plaintiff Charles Catania Jr.'s Motion for Post-Trial Relief, responsive pleadings and briefs and the able verbal and written arguments of counsel and in accordance with the foregoing Memorandum, it is hereby **ORDERED** and **DECREED** that said Motion for Post-Trial Relief is **DISMISSED** on substance since the Court has determined the Post-Trial Relief sought is without merit.

**BY THE COURT:**

_____, J.

cc: *Written notice of the entry of the foregoing Order has been provided to each party pursuant to Pa. R.Civ.P. 236 (a)(2) by mailing time-stamped copies to:*

Attorney for Platiniffs O'Brien:
John J. Brazil, Jr., Esq.
312 Adams Avenue
Suite 200
Scranton, PA 18503

9